■ The People of the State of New York, Respondent, v Clayton Brown, Appellant.—Judgment, Supreme Court, Bronx County (Steven J. Barrett, J.), rendered March 26, 1987, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the second degree and assault in the second degree, for which he was sentenced to concurrent indeterminate terms of imprisonment of from 4 to 12 years, 2 to 6 years and 1 to 3 years, respectively, and also robbery in the third degree, for which he was sentenced to an indeterminate term of from 2 to 6 years, to run consecutively to the other sentences, unanimously modified, on the law, to reverse the conviction of assault in the second degree and dismiss the underlying count, to reduce the convictions of burglary in the first degree and robbery in the second degree to burglary in the second degree (Penal Law § 140.25 [2]) and robbery in the third degree, respectively, to remand the matter for resentencing and, except as thus modified, affirmed.

In this consolidated trial of two indictments, in order to convict defendant of burglary in the first degree under Penal Law § 140.30 (2), robbery in the second degree under Penal Law § 160.10 (2) (a) and assault in the second degree under Penal Law § 120.05 (6), all of which relate to the Holmes incident, the People were required to prove that the victim suffered a "physical injury", i.e., an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Viewing the evidence in the light most favorable to the People, as we must *(People v Contes,* 60 NY2d 620), we find that the proof demonstrated no more than a purely subjective claim of pain, which is legally insufficient, as a matter of law, to establish physical injury. *(See, Matter of Philip A.,* 49 NY2d 198, 200.) In that regard, Ms. Holmes, 80 years of age, testified that

during the course of the incident she struggled with defendant and "bumped" her head as he was "trying to get into the drawer." Although her body was sore for about three weeks and her head swollen, she did not see a doctor or go to the hospital. Ms. Holmes treated herself by bathing her face with cold water. No residual effects of her injuries were apparent at the time of trial. Such evidence provides too scant a basis upon which to predicate a finding of substantial pain or physical impairment (see, e.g., *People v Hargrove*, 95 AD2d 864), and we modify accordingly. We reject the People's argument that defendant failed to preserve the legal insufficiency argument.

We have reviewed defendant's other contentions and find that they are without merit. Concur—Murphy, P. J., Kupferman, Sullivan, Ross and Smith, JJ.