■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BROOKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered November 13, 1986, convicting him of robbery in the second degree (two counts), assault in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Specifically, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the defendant acted in concert with his codefendant and possessed the requisite intent to

commit a robbery. The testimony of the robbery and assault victim was that the defendant and his codefendant attacked him in the elevator of the building where he resided and, in the course of the attack, choked and punched him. When the elevator opened on the second floor, the victim and the two other men fell into the hallway. The codefendant managed to wrest the victim's shoulderbag away from him and to flee down the hall toward the stairwell with the shoulderbag in tow. However, as other residents of the building entered the hall, apparently upon hearing the victim's screams for assistance, the codefendant returned to the elevator and dropped the victim's bag to the floor. The defendant and his codefendant were immediately apprehended by an off-duty police officer who responded to the scene from a nearby apartment. The intent to commit a robbery may be inferred from the conduct of the defendants and the surrounding circumstances (see, People v Bracey, 41 NY2d 296; People v Raphael, 134 AD2d 535; People v Williams, 110 AD2d 798).

Moreover, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). The jury was entitled to reject the testimony presented by the defense witnesses and to accept the more credible testimony of the victim and the police officers. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We further conclude that the evidence of physical injury to the victim was legally sufficient to support the defendant's conviction of robbery in the second degree pursuant to Penal Law § 160.10 (2) (a) and assault in the third degree. The victim testified that in the course of the crime he was choked, bitten on the hand and punched in the head, face and stomach. He was treated for his injuries in the emergency room of a local hospital. The victim further claimed that he experienced pain as a result of the injuries suffered in the attack and the following day he could not move the fingers on the hand which was bitten. The testimony of one of the police officers responding to the scene established that the victim's face was red and swollen and that he had striations around his neck. In our view, this evidence entitled the jury to find that the victim suffered physical injury within the meaning of Penal Law

§ 10.00 (9) *(see, People v Coward,* 100 AD2d 628; *cf., Matter of Philip A.,* 49 NY2d 198).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.