■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BLACKNALL, Appellant.—Judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered May 5, 1989 by which defendant was convicted, after a jury trial, of robbery in the second degree, and burglary in the first degree and sentencing defendant as a second violent felony offender to concurrent terms of imprisonment of 5 to 10 years and 6 to 12 years, respectively, unanimously affirmed.

On April 2, 1988 at approximately 4:00 P.M. the complainant, Mr. Rivera, went to a grocery store located one block from his home where he met the defendant and Sharon Kemp, who the complainant had known for about four years. The defendant asked Rivera to buy him a beer. Rivera complied and withdrew approximately $380 from his pocket and paid for the beer. Defendant and Kemp then left the store, and the complainant returned home. Approximately 15 minutes later Kemp came to Rivera's apartment and talked with him for about 5 minutes. Ms. Kemp returned 3 or 4 minutes later, whereupon the defendant's brother James Blacknall entered Mr. Rivera's apartment and began to choke him. Rivera then heard the defendant ask him where "the money" was. Rivera specifically stated that he recognized the defendant's voice because he had spoken with him on prior occasions. Rivera did not remember which one of the two brothers reached in to his pocket and took his money, but knew that one of them did. One of the two brothers punched Rivera in the stomach as they fled.

The victim's identification of the defendant was based on his recognition of the defendant's voice. Voice identifications have been held sufficient to convict a defendant of a crime. (People v Collins, 60 NY2d 214.) In addition to the voice identification, which was based both on prior encounters with the defendant and a recent meeting with him, the victim testified that Sharon Kemp, who was characterized as defendant's "wife", and his brother were in the apartment as well, and that the defendant had just seen him in possession of a large quantity of cash. The victim also stated that the defendant was the one

who asked for "the money". The voice identification along with the other testimony was sufficient to support the conclusions that the defendant was in the apartment and acted in concert with his brother in the crime. It is of no consequence that the defendant may not have struck the victim himself since his intent to commit the robbery with his brother was sufficiently proved, and it was proved that defendant's brother choked the victim. *(Compare, People v Allen, 165 AD2d 786, lv denied 76 NY2d 983.)*

Defendant claims that the prosecutor, on summation, argued facts that were not in evidence when she stated that the complainant testified that he heard the defendant's voice. Review of the record shows that the prosecutor correctly characterized the complainant's testimony which was that he heard the defendant's voice. The prosecutor's remarks concerning the trustworthiness of the complainant's testimony were fair response to the defense counsel's statements on his summation that the complainant was untrustworthy, his testimony was not credible and that he was vindictive. *(See, People v Anthony, 24 NY2d 696.)*

It is contended that the jury's acquittal of the defendant on the first degree robbery count (count two of the indictment) and its conviction of the defendant on the first degree burglary count (count three of the indictment) were inconsistent. Defense counsel did not raise this issue until sentencing, well after the jury was discharged; therefore it is not preserved for appellate review. *(People v Alfaro, 66 NY2d 985, 987.)* Concur —Murphy, P. J., Rosenberger, Wallach and Smith, JJ.