(July 2, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BLACKNALL, Appellant.—Order of this Court, entered August 15, 1991 [175 AD2d 727], which affirmed the judgment of the Supreme Court, Bronx County (Elbert Hinkson, J.), rendered on May 5, 1989, which convicted defendant of robbery in the second degree and burglary in the first degree, and sentenced him to two concurrent terms of 5 to 10 years and 6 to 12 years, respectively, is recalled and vacated, and the following memorandum is issued in its stead:

Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered on May 5, 1989, which convicted defendant after a jury trial, of robbery in the second degree and burglary in the first degree, and sentenced him as a second violent felony offender to concurrent terms of imprisonment of 5 to 10 years and 6 to 12 years, respectively, is unanimously modified on the law, the facts, and as a matter of discretion in the interest of justice, to the extent of reversing the conviction for burglary in the first degree, and vacating the sentence of imprisonment with respect thereto, and otherwise affirmed.

Defendant William Blacknall was convicted, along with his brother, Jamel Blacknall, under an indictment containing 4 counts. Defendant William Blacknall's conviction was previously affirmed by this court. Defendant Jamel Blacknall's appeal was heard later, resulting in a modification of the judgment on the ground that the statutory definition of "physical injury" was not satisfied by the record evidence. In Jamel Blacknall's appeal, we reversed the conviction for counts two and three of the indictment, charging, respectively, robbery in the second degree and burglary in the first degree, and dismissed counts two and three of the indictment [185 AD2d 108 (decided herewith)]. We now recall and vacate our prior order

affirming William Blacknall's conviction and apply the same reasoning to modify his conviction, *sua sponte*, in the interest of justice.

William Blacknall was acquitted of count two of the indictment, which charged him with robbery in the second degree on a theory of causing physical injury to a non-participant (Penal Law § 160.10 [2] [a]), but was convicted of count one charging robbery in the second degree on a theory of being aided by another person actually present (Penal Law § 160.10 [1]). The robbery conviction was properly affirmed, but the burglary conviction, based on causing physical injury, is reversed.

With respect to defendant's conviction under the indictment, charging burglary in the first degree, defendant's conviction under count three must be reversed for failure to prove physical injury to a non-participant. As is here relevant, the proof at trial showed that the brothers entered the apartment of the complainant, Angel Rivera, and that one of the brothers grabbed Rivera around the neck while the other demanded to know where Rivera's money was. After the brothers had located Rivera's money and taken it from him, they punched him in the stomach and fled. When asked if he felt any pain when he was punched, Rivera testified: "Yes, at that moment I felt a little pain, but after that I tried to get after them."

"Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). While the issue of whether the People have proven that defendant caused the victim substantial pain is generally one for the jury *(see, People v Rojas,* 61 NY2d 726, 727), there is a threshold level below which the question becomes a matter of law. In *Matter of Philip A.* (49 NY2d 198, 200), the Court held that where the victim testifies merely that he "was hit, that it caused him pain, the degree of which was not spelled out", the evidence was insufficient to establish substantial pain. That is the case here as well, where there was absolutely no indication respecting the degree of pain suffered by the complainant or of any residual impairment or need for medical attention *(see, People v Brown,* 145 AD2d 301, *lv denied* 73 NY2d 1012; *People v Oquendo,* 134 AD2d 203, *lv denied* 70 NY2d 959). Concur—Murphy, P. J., Rosenberger, Wallach and Smith, JJ.