■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BLACKNALL, Appellant.—Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered on May 5, 1989, which convicted defendant, Jamel Blacknall, after a jury trial of two counts of robbery in the second degree, one count of burglary in the first degree, and one count of burglary in the second degree, and sentenced him as a predicate felon to concurrent terms of imprisonment of 5 to 10 years for robbery in the second degree, 6 to 12 years for burglary in the first degree, and 5 to 10 years for burglary in the second degree, unanimously modified, on the law, to the extent of reversing the defendant's convictions on count two of the indictment charging robbery in the second degree (Penal Law § 160.10 [2] [a]) and count three of the indictment charging burglary in the first degree (Penal Law § 140.30 [2]) and dismissing counts two and three, the matter is remanded for resentencing on counts one and five of the indictment by which defendant is convicted, respectively, of robbery in the second degree and burglary in the second degree, which convictions are affirmed.

Appellant Jamel Blacknall and his brother William Blacknall were tried jointly on charges of robbery and burglary resulting from an incident that occurred on April 2, 1988. As is here relevant, the proof at trial showed that the brothers entered the apartment of the complainant, Angel Rivera, and that one of the brothers grabbed Rivera around the neck while the other demanded to know where Rivera's money was. After the brothers had located Rivera's money and taken it from him they punched him in the stomach and fled. When asked if he felt any pain when he was punched, Rivera testified: "Yes, at that moment I felt a little pain, but after that I tried to get after them."

The jury convicted appellant of two counts of robbery in the second degree, one count of burglary in the first degree and one count of burglary in the second degree.

Proof of robbery in the second degree (Penal Law § 160.10

[2] [a]) and of burglary in the first degree (Penal Law § 140.30 [2]) entails a showing that the defendant or other participant in the crime physically injured a non-participant during the commission of the crime or in the course of immediate flight therefrom. "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). While the issue of whether the People have proven that defendant caused the victim substantial pain is generally one for the jury *(see, People v Rojas,* 61 NY2d 726, 727), there is a threshold level below which the question becomes a matter of law. In *Matter of Philip A.* (49 NY2d 198, 200), the Court held that where the victim testifies merely that he "was hit, that it caused him pain, the degree of which was not spelled out", the evidence was insufficient to establish substantial pain. That is the case here as well, where there was absolutely no indication respecting the degree of pain suffered by the complainant or of any residual impairment or need for medical attention *(see, People v Brown,* 145 AD2d 301, *lv denied* 73 NY2d 1012; *People v Oquendo,* 134 AD2d 203, *lv denied* 70 NY2d 959).

We are satisfied that the error with respect to the sufficiency of the evidence of physical injury was sufficiently preserved by counsel's motion to dismiss based on the sufficiency of the evidence, and in any event would be reviewable as a matter of law *(see, People v Kilpatrick,* 143 AD2d 1).

The appellant's remaining points have been considered and found to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.