■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL AZADIAN, Appellant. [600 NYS2d 279] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered December 4, 1991, convicting him of assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Putnam County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was not deprived of a fair trial by virtue of the stricken testimony *(see, People v Dazi,* 195 AD2d 571 [decided herewith]).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Specifically, we conclude that the evidence of physical injury to the victim was legally sufficient to support the defendant's conviction of assault in the third degree. The victim testified that in the course of the crime, he was grabbed in a choke hold, punched in the face, stomach, and on the top of his head, and was bitten on the face. He also lost consciousness for a short period. As a result of the incident, he suffered a bruised throat, black and blue marks to the face and eyes, and a cut over his eye. His entire body was sore and he had several bruises. The testimony of a physician who examined him four days after the incident established that he had a black eye, abrasions of the nose, and tenderness in his jaw and neck muscles. In our view, this evidence entitled the Trial Judge to find that the victim suffered physical injury within the meaning of Penal Law § 10.00 (9) *(see, People v Brooks,* 155 AD2d 680).

Although the testimony introduced on behalf of the defendants conflicted in some respects with that presented by the complaining witness, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact,

which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.