■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DAZI, Appellant. [600 NYS2d 276] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered December 4, 1991, convicting him of assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Putnam County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was not deprived of a fair trial merely because substantial portions of incriminating testimony, which had been placed before the trier of fact, were ultimately stricken by the court. In addition to striking the identification testimony of certain witnesses, the court also dismissed those counts of the indictment to which the stricken testimony pertained. Contrary to the defendant's contention, there is no indication that the Trial Justice relied upon the stricken evidence in rendering his verdict on the remaining count. We note that a Trial Justice, sitting as the trier of fact, is presumed to have considered only the competent evidence adduced at the trial in reaching a verdict *(see, People v Livingston,* 184 AD2d 529; *People v McKinley,* 124 AD2d 752). The defendant failed to rebut that presumption.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant acted in concert with, and intentionally aided his codefendants *(see, People v Azadian,* 195 AD2d 564 [decided herewith]; *People v Azadian,* 195 AD2d 565 [decided herewith]) in the commission of the subject assault. The evidence established that the defendant and the codefendants boarded the victim's boat together. The victim testified that the defendant Daniel Azadian grabbed him around the neck and that the defendant Anthony Azadian began punching him in the face, stomach, and on the top of his head. Eventually the victim lost consciousness and woke up in the water. Although he did not

specifically remember seeing the defendant Eric Dazi hit him, the victim stated that after he regained consciousness and tried to reboard his boat, Dazi kept pushing him back in the water and would not allow him to reboard. The circumstances of this case support the conclusion drawn by the trial court that the defendant shared a "community of purpose" with his codefendants *(see, People v Allah,* 71 NY2d 830, 832) and was not merely present at the scene *(see, People v Turner,* 141 AD2d 878).

We further find that the evidence supported the trial court's finding that the victim suffered physical injury within the meaning of Penal Law § 10.00 (9) *(see, People v Azadian [Anthony], supra; People v Azadian [Daniel], supra; People v Brooks,* 155 AD2d 680, 681).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.