OPINION OF THE COURT
Edward A. Sheridan, J.
Defendant, Eugene Melcherts, moves to set aside a verdict convicting him of robbery in the second degree (Penal Law § 160.10 [2] [a]), following a jury trial, upon the grounds (1) that the People failed to present legally sufficient evidence of physical injury; and (2) that the court erred in refusing to charge assault in the third degree (Penal Law § 120.00) as a lesser included offense of robbery in the second degree (Penal Law § 160.10 [2] [a]).[1]
At trial, the complaining witness, Makeba Lowry, testified that the defendant, a casual acquaintance, raped and robbed her in her Manhattan apartment after she refused his sexual advances.[2] With regard to injuries, she testified as to bruises on the face and forehead and scratches on her neck. This testimony was corroborated by that of a responding police officer, an attending emergency room physician who examined her immediately following her prompt complaint of rape and robbery, and hospital medical records. The complainant also testified that during the robbery the defendant choked her and that she could not breathe and that she involuntarily urinated on herself.
The Penal Law defines physical injury to mean "impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). The definition excludes petty slaps, shoves, kicks *472 and the like (Matter of Philip A., 49 NY2d 198, 200). To satisfy the statute, there must be an objective level of physical injury. While it is true that the jury may consider the subjective feelings of the complaining witness, there is an objective level below which the question is one of law for the court (People v Cicciari, 90 AD2d 853).
On this record, there is insufficient indication of "impairment of physical” condition under the first prong of the physical injury definition. In this regard, there was no elaboration or detail as to the degree or extent of physical impairment caused by the bruises and scratches. Nor was there any testimony of lingering or sustained effects or medical treatment for them (People v Brown, 145 AD2d 301). Similarly, there was no testimony regarding the nature, extent or duration of any injury or impairment or curtailment of activities incident to the chokehold, other than that the complainant stated she could not breathe as she was being held by the neck and that she involuntarily urinated (compare, People v Miller, 146 AD2d 809, 810; People v Daniels, 159 AD2d 631).
Nor was there sufficient evidence of "substantial pain” under the second prong of the definition. In this regard, there is lacking any testimony as to the severity, duration or extent of pain, occasioned by the bruises, scratches or choking. Without more, evidence of choking the victim, while legally sufficient to establish the element of force (People v Brown, 184 AD2d 776), will not suffice to establish "physical injury” under the statute.
The common dictionary definition of pain is bodily suffering or distress; a distressing sensation in a particular part of the body (see, e.g., American Heritage Dictionary [1975 ed]). The emotional trauma of being choked and, as the victim complained, of being unable to breathe, without some elaboration of duration, attendant pain, curtailment of activity, impairment of condition and the like, in the court’s view, falls below the objective level of pain that the statute and the cases construing it have required (e.g., People v Bogan, 70 NY2d 861, 862-863 [Held: choking plus momentary inability to breathe, temporary unconsciousness and pain and difficulty swallowing for two days, sufficient]; People v Azadian, 195 AD2d 564 [Held: choking, punching and biting plus momentary loss of consciousness, bruises, cuts and complaint of soreness of entire body, sufficient]; People v Small, 175 AD2d 223 [Held: choking plus punches to face and chest, being swung by arm into fence and being dragged resulting in pain to waist,. bruised and *473 bloodied knee and three to four weeks’ pain, sufficient]; People v Jones, 173 AD2d 359 [Held: choking plus punches, scratches and being thrown into wall causing bleeding, sufficient]; People v Daniels, supra, at 631-632 [Held: choking plus dizziness, sore throat for which complainant sought emergency room treatment and complaint of inability to eat solid foods for three days, sufficient]; People v Brooks, 155 AD2d 680 [Held: choking, punching, biting plus treatment in emergency room, pain and visibly reddened and swollen face and striations around neck, sufficient]; People v Vaughn, 155 AD2d 566, 567 [Held: choking and grabbing of neck and being thrown down stairs plus swollen glands and pain for several days, sufficient]; People v Miller, supra, at 810 [Held: choking plus dizziness, difficulty breathing, achiness, inability to speak at all at scene and above a whisper for two to three days, sufficient]; see, People v Edmonson, 75 NY2d 672, 675).
It is true that whether the substantial pain necessary to establish physical injury has been proved is generally a question for the trier of fact (Matter of Philip A., supra, at 200; People v Oquendo, 134 AD2d 203). And, if any rational trier of fact could have found that the pain was substantial, the evidence must be held sufficient (see, People v Contes, 60 NY2d 620). In this case, based on the testimony and evidence in this record the court concludes that that threshold has not been satisfied, that an objective level of physical injury has not been established by the evidence and that proof of physical injury was, therefore, legally insufficient.
It follows that the motion should be granted to the extent of modifying the verdict by setting aside the conviction for robbery in the second degree and substituting a conviction of robbery in the third degree, which is made out by the evidence (CPL 330.30 [1]; 330.50; People v Carney, 179 AD2d 818).
Defendant’s second point regarding the court’s refusal to charge assault in the third degree as a lesser included offense of robbery in the second degree is without merit.
By statutory definition, an offense is a lesser included offense when it is impossible to commit the greater offense without at the same time by the same conduct committing the lesser (CPL 300.50 [1]). And, of course, before a court may submit a lesser included offense to the jury, there must be a reasonable view of the evidence that would support a finding that the defendant committed the lesser but not the greater offense (id.).
*474 Here, as the case was submitted to the jury, the defendant was charged with robbery in the second degree under Penal Law § 160.10 (2) (a) which provides in pertinent part as follows:
"A person is guilty of robbery in the second degree when he forcibly steals property and when * * *
"2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime,
"(a) Causes physical injury to any person who is not a participant in the crime.”
The Penal Law defines a forcible stealing, inter alia, as the use of physical force upon another person "for the purpose of’ preventing or overcoming resistance to the taking of the property or the retention thereof immediately after the taking (Penal Law § 160.00 [1]).
Assault in the third degree is defined in Penal Law § 120.00 which, insofar as it pertains to this case, provides as follows:
"A person is guilty of assault in the third degree when:
"1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person, or
"2. He recklessly causes physical injury to another person”.
As is evident from the language of the applicable statutes insofar as they pertain to this case, it is possible to commit robbery in the second degree and to cause the requisite physical injury without acting recklessly or with the specific intent to cause such physical injury. In contrast, assault in the third degree is committed only when the actor acts recklessly or with specific intent in causing the alleged injury.
Here, therefore, as the case was submitted to the jury it was possible to commit the greater crime without at the same time committing the lesser crime and, therefore, assault in the third degree was not a "lesser included offense” of robbery in the second degree. Indeed, this was the holding of the Court of Appeals in People v Miguel (53 NY2d 920). Moreover, it is not enough that on the facts of this case there might be a reasonable view of the evidence that the defendant committed assault in the third degree and did not commit robbery in the second degree (see, People v Tiedemann, 111 AD2d 280). Although it may be true that the second prong of the statutory test could be satisfied on this record, definitionally, assault in the third degree is not a lesser included offense of robbery in *475 the second degree and, therefore, defendant was not entitled to such an instruction (CPL 300.50 [1]).
Defendant contends nevertheless that the Miguel case (supra) is not dispositive. He argues that under People v Smith (79 NY2d 309) there is a mens rea element of robbery in that the perpetrator must intend that the threatened or actual use of physical force compel a person to deliver up property or prevent resistance to the taking of property. That, indeed, is a correct statement of the law under the Smith case where the Court held that the legislative history indicated a clear intent that the physical force employed in a robbery must be "for the purpose of’ one of the other enumerated objectives (supra, at 312; see, Penal Law § 160.00 [1]).
Defendant would superimpose the mens rea element of the robbery statute with regard to the objective of the use of physical force upon the physical injury component of robbery in the second degree so as, presumably, to qualify intentional assault (Penal Law § 120.00 [1]) as a lesser included offense. However, a requirement that the perpetrator intend that the use of force compel a person to deliver up property or prevent resistance to the taking of property does not mean that the physical injury caused during the robbery must be intentionally inflicted. The objective of the force and the effect of the force are discreet in law. Indeed, there is no specific mens rea requirement with regard to the causation of physical injury other than that the conduct be a voluntary act (Penal Law § 15.10). Thus, under the statute as applicable, the causation of the injury may be intentional, reckless or even negligent. Smith (supra) is not authority, therefore, for the proposition that intentional assault (Penal Law § 120.00 [1]) is a lesser included offense of robbery in the second degree. Accordingly, that branch of defendant’s motion is denied.

. This decision incorporates and elaborates upon the reasoning of the court’s oral decision rendered July 27, 1993.

. Defendant was acquitted of rape in the first degree (Penal Law § 130.35 [1]) under the first count of the indictment.