In the Matter of YOLANDA B., a Person Alleged to be a Juvenile Delinquent, Appellant. [724 NYS2d 451] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of the Family Court, Queens County (Bogacz, J.), dated December 14, 1998, which remanded the juvenile to the Commissioner of Juvenile Justice for secure detention pending further proceedings, (2) an order of disposition of the same court, dated January 4, 1999, which, upon a fact-finding order of the same court dated November 23, 1998, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of two years, and (3) an order of disposition of the same court, also dated January 4, 1999, which set forth the terms and conditions of her probation.

Ordered that the appeal from the order dated December 14, 1998, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of two years is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the order of disposition which set forth the terms and conditions of probation is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition which placed the appellant on probation for a period of two years is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order dated December 14, 1998, is dismissed because no appeal lies as of right from a nondispositional order, and permission was neither sought nor granted for the taking of an appeal therefrom (see, Family Ct Act § 1112; see also, Matter of Lance S., 51 AD2d 1057). In addition, that appeal is academic.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of two years, and the appeal from the order of disposition which set forth the terms and conditions of probation, are dismissed as academic, as the period of probation has expired (see, Matter of Carlos S., 243 AD2d 569).

Contrary to the appellant's contentions, the evidence adduced at the fact-finding hearing established that the victim, who was attacked by the appellant and her two friends without provocation, sustained physical injury within the meaning of Penal Law § 10.00 (9) (cf., People v Williams, 203 AD2d 608; People v Azadian, 195 AD2d 564; People v Nix, 156 AD2d 722; People v Murray, 156 AD2d 722; People v Brooks, 155 AD2d 680). During the attack the appellant hit and kicked the victim in the head and body and bit the victim on the arm. At the time of the hearing, more than one year after the incident, the mark left by the bite was still evident on the victim's arm. The victim testified that for a period of approximately one month after the incident, she suffered pain in the arm which felt like a "bad sunburn," and that she suffered severe pain when she exerted pressure on the arm.

The appellant's remaining contentions are without merit. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.