■ In the Matter of LAWRENCE A., a Person Alleged to be a Juvenile Delinquent, Appellant. [821 NYS2d 210]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated March 19, 2004, which, upon a fact-finding order of the same court dated November 17, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of tampering with a witness in the third degree, intimidating a victim or witness in the third degree, criminal contempt in the first degree (two counts), and menacing in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated November 17, 2003.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of tampering with a witness in the third degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant contends that the petition, which contained allegations that he committed acts which, if committed by an adult, would constitute, inter alia, the crime of tampering with a witness in the third degree, was jurisdictionally defective. Pursuant to Family Court Act § 311.2, "[a] petition, or a count thereof, is sufficient on its face when . . . (3) non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the commission thereof." The petition and supporting affidavits or depositions must set forth facts sufficient to warrant a conviction of the crimes charged (*see Matter of Angel A.*, 92 NY2d 430, 433 [1998]; *Matter of Jahron S.*, 79 NY2d 632, 636 [1992]).

The appellant correctly contends that the nonhearsay allegations of the factual part of the petition and the supporting deposition failed to establish every element of the count alleging tampering with a witness in the third degree (*see* Family Ct Act § 311.2 [3]). With respect to that count, the petition did not sufficiently allege that the complainant was about to be called as a witness in a criminal proceeding, one of the elements of that crime (*see* Penal Law § 215.11). However, the petition and the supporting deposition set forth facts sufficient to support the remaining counts.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Takeya B.*, 304 AD2d 825, 826 [2003]; *Matter of Stafford B.*, 187 AD2d 649, 650 [1992]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of intimidating a victim or witness in the third degree, criminal contempt in the first degree (two counts), and menacing in the second degree.

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions for the trier of fact (*see Matter of Adrian R.*, 239 AD2d 348, 349 [1997]; *Matter of Jeffrey C.*, 239 AD2d 413, 413-414 [1997]; *cf. People v Gaimari*, 176 NY 84, 94 [1903]). Upon the exercise of our factual review power, we are satisfied that the Family Court's findings of fact were not against the weight of the credible evidence (*cf.* CPL 470.15 [5]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.