■ In the Matter of JAMEL E., a Person Alleged to be a Juvenile Delinquent, Appellant. [823 NYS2d 194]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jamel E. appeals from (1) an order of the Family Court, Queens County (Lubow, J.), dated January 23, 2006, which remanded him to the Commissioner of Juvenile Justice for secure detention pending further proceedings on February 1, 2006, and (2) an order of disposition of the same court dated February 1, 2006, which, upon a fact-finding order of the same court dated November 30, 2005, made after a hearing, finding that he had committed acts which, if committed by an adult, would have constituted the crimes of possession of a stolen vehicle under Vehicle and Traffic Law § 426, unauthorized use of a vehicle in the third degree, and criminal possession of stolen property in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the New York State

Office of Children and Family Services for a period of 18 months. The notice of appeal from the fact-finding order dated November 30, 2005, is deemed to be a notice of appeal from the order of disposition dated February 1, 2006 (*see* CPLR 5512 [a]).

Ordered that the appeal from the order dated January 23, 2006 is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order dated November 30, 2005 is vacated, and the petition is dismissed.

The appeal from the order dated January 23, 2006, which remanded the appellant for secure detention pending further proceedings on February 1, 2006, must be dismissed as academic since it has expired and because no appeal lies as of right from a nonfinal order in a juvenile delinquency proceeding (*see* Family Ct Act § 1112; *Matter of Yolanda B.*, 283 AD2d 426 [2001]).

Pursuant to Family Court Act § 311.2, a juvenile delinquency petition is legally sufficient on its face when the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the [juvenile's] commission thereof." Thus, the petition and supporting affidavits or depositions must set forth facts sufficient to warrant a conviction of the crimes charged (*see Matter of Angel A.*, 92 NY2d 430, 433 [1998]; *Matter of Jahron S.*, 79 NY2d 632, 636 [1992]; *Matter of Lawrence A.*, 31 AD3d 440 [2006]). "The sufficiency requirements set forth in Family Court Act § 311.2 are not simply technical pleading requirements but are designed to ensure substantive due process protection to an alleged juvenile delinquent, who can be arrested and deprived of liberty based on the petition" (*Matter of Neftali D.*, 85 NY2d 631, 634-635 [1995]). The failure of a petition to comply with the requirements of Family Court Act § 311.2 is a nonwaivable jurisdictional defect (*see Matter of Michael M.*, 3 NY3d 441 [2004]; *Matter of Neftali D., supra; Matter of John B.*, 261 AD2d 471 [1999]).

As the presentment agency correctly concedes, the nonhearsay allegations of the petition and supporting depositions failed to establish every element of the crimes charged. Accordingly, the petition should have been dismissed (*see Matter of Neftali D., supra; Matter of Sheree K.*, 240 AD2d 581 [1997]). Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.