People v Sands (2018 NY Slip Op 05701)





People v Sands


2018 NY Slip Op 05701


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-03906
 (Ind. No. 1875/11)

[*1]The People of the State of New York, respondent,
v
Spencer Sands, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald S. Hollie, J.), rendered April 27, 2015, as amended August 12, 2015, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of stolen property in the third degree, after a nonjury trial, and sentencing him, inter alia, to concurrent indeterminate terms of imprisonment of four to eight years on the convictions of criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree, to run concurrently with the other sentences imposed. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials.
ORDERED that the judgment, as amended, is modified, on the law, by vacating the sentences imposed on the convictions of criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on the convictions of criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree.
The defendant was convicted of fatally stabbing the victim in a vehicle rented by the victim, and taking the vehicle after removing the victim's body from it.
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. A review of the totality of the circumstances (see People v Mateo, 2 NY3d 383, 413; People v Anderson, 42 NY2d 35, 38) demonstrates that the statements were voluntarily made. The defendant was advised of and waived his Miranda rights (see Miranda v Arizona, 384 US 436, 444) prior to any questioning. Although he was subjected to a lengthy interrogation, such length, standing alone, was not sufficient to render the statements involuntary (see People v Jin Cheng Lin, 26 NY3d 701). The questioning was intermittent, with several breaks which afforded the defendant the opportunity [*2]to sleep in solitude, and, throughout the duration of the interrogation, the defendant was provided with food, drink, and cigarettes (see People v Jin Cheng Lin, 26 NY3d 701; People v DeCampoamor, 91 AD3d 669, 670; cf. People v Guilford, 21 NY3d 205, 210). Moreover, the defendant's contention, raised in his pro se supplemental brief, that his statements were involuntary because they were induced by trickery is without merit, since there is no indication that the alleged deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession (see People v Tarsia, 50 NY2d 1, 11; People v Gelin, 128 AD3d 717, 719; People v Jaeger, 96 AD3d 1172, 1174).
The defendant's contentions that the verdict with respect to criminal possession of stolen property in the third degree was improperly recorded and that the evidence of that crime was legally insufficient are unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19). In any event, the trial minutes with respect to the verdict demonstrated that the defendant was found guilty of criminal possession of stolen property in the third degree, and the Supreme Court misspoke when it made reference to criminal possession of stolen property in the fifth degree. Further, viewing the evidence in the light most favorable to the prosecution (see People v Bleakley, 69 NY2d 490, 495), we find that it was legally sufficient to prove the defendant's guilt of criminal possession of stolen property in the third degree beyond a reasonable doubt (see Penal Law § 165.50). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict with respect to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Althorne, 155 AD2d 604; People v Delfino, 150 AD2d 718).
The Supreme Court should not have admitted, over objection, evidence of the defendant's 2009 conviction for criminal possession of stolen property, including the underlying fact that the stolen property was a motor vehicle, to demonstrate knowledge and intent to steal the vehicle (see People v Molineux, 168 NY 264, 293). Here, the defendant's knowledge and intent could easily be inferred from his possession of the subject vehicle, which was procured by force. "Generally, [e]vidence of prior criminal acts to prove intent will often be unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself'" (People v Valentin, 29 NY3d 150, 156, quoting People v Alvino, 71 NY2d 233, 242; cf. People v Bailey, 21 AD3d 383, 384). However, as there was overwhelming evidence of the defendant's guilt, which included his statements to law enforcement authorities and the fact that he and his companion assumed possession of the vehicle, and no significant probability that the error contributed to the defendant's conviction, the error was harmless (see People v Crimmins, 36 NY2d 230, 250; People v Judd, 96 AD3d 784).
The prosecutor's summation comment that the evidence "was admitted to disprove the defendant's claim of self defense," was contrary to the limited purpose for which the prior conviction was admitted in evidence, i.e., the defendant's knowledge that the stolen vehicle was in fact stolen. In making its Molineux ruling, the Supreme Court explicitly rejected the People's claim that that evidence was probative to disprove the defendant's justification defense. However, since the defendant did not object to that comment, the defendant's challenge to the propriety of that comment is unpreserved for appellate review (see CPL 470.05[2]). Further, under the circumstances of this case, including the fact that this was a nonjury trial, we conclude that this violation of the court's Molineux ruling did not deprive the defendant of a fair trial (see People v Best, 19 NY3d 739; People v Dazi, 195 AD2d 571).
As the People correctly concede, the sentences imposed on the convictions of criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree were illegal. Criminal possession of a weapon in the third degree and criminal possession of stolen property in the third degree are both class D nonviolent felonies (see Penal Law §§ 265.02[1], 165.50). The appropriate sentencing range for a class D nonviolent felony committed by a defendant who is a second violent felony offender, is between 2 to 4 years and 3½ to 7 years [*3](see Penal Law §§ 70.06[3][d], [4][b]). The imposed sentence of 4 to 8 years was therefore illegal.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court