People v Barrett (2020 NY Slip Op 06899)





People v Barrett


2020 NY Slip Op 06899


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


867 KA 14-01484

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN T. BARRETT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






REEVE BROWN PLLC, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered July 3, 2014. The judgment convicted defendant after a nonjury trial of criminal contempt in the first degree (two counts), criminal mischief in the third degree and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of criminal contempt in the first degree (Penal Law § 215.51 [c]) under counts one and two of the indictment to criminal contempt in the second degree (§ 215.50 [3]) and by vacating the sentence imposed on counts one and two of the indictment and imposing a definite sentence of 364 days' incarceration for both counts, and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a nonjury trial of two counts of criminal contempt in the first degree (Penal Law § 215.51 [c]), criminal mischief in the third degree (§ 145.05 [2]), and assault in the third degree (§ 120.00 [1]). In appeal No. 2, defendant appeals, by permission of this Court, from an order denying his pro se motion seeking to vacate the judgment in appeal No. 1 pursuant to CPL 440.10. Inasmuch as defendant raises no contentions with respect to the order in appeal No. 2, we dismiss that appeal (see People v Grant, 160 AD3d 1406, 1407 [4th Dept 2018], lv denied 31 NY3d 1148 [2018]).
Defendant's conviction stems from an incident that occurred when he encountered his estranged wife and her friends in the early morning hours in a parking lot after an evening of drinking. Defendant smashed the windshield of a vehicle and fought with his wife's friends, causing injury to one of the friends. The police found defendant later that morning in a bedroom with his wife at the home of his wife's father. At the time of the incident, there was an order of protection in effect requiring defendant to stay away from and have no contact with his wife. At trial, defendant, his then ex-wife, and his mother testified for the defense in an attempt to establish that defendant did not know that his wife was present during the fight or later at her father's house, that he was not the initial aggressor in the fight with the wife's friends and was defending himself, and that he was too intoxicated to form the requisite criminal intent for the charges.
Defendant first contends that the conviction of criminal contempt in the first degree under counts one and two of the indictment is not supported by legally sufficient evidence inasmuch as the People failed to establish certain required facts underlying the prior conviction. We agree. Although defendant did not preserve his contention for our review, we exercise our power to reach it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Dewall, 15 AD3d 498, 499 [2d Dept 2005], lv denied 5 NY3d 787 [2005]), instead of addressing [*2]the same contention, as defendant requests us to do in the alternative, in the context of an analysis of the weight of the evidence (see generally People v Heatley, 116 AD3d 23, 28-32 [4th Dept 2014], appeal dismissed 25 NY3d 933 [2015]).
The People were required to establish as an element of the offense of criminal contempt in the first degree that defendant had been previously convicted, within the preceding five years, of the crime of aggravated criminal contempt or criminal contempt in the first or second degree "for violating an order of protection" that "require[d] the . . . defendant to stay away from the person or persons on whose behalf the order was issued" (Penal Law § 215.51 [c]). Thus, this is a situation where the enhancing element of an offense is not merely the existence of a prior conviction, but also the existence of additional facts related to that prior conviction (see People v Cooper, 78 NY2d 476, 479, 483 [1991]; People v Gaddy, 191 AD2d 735, 736 [2d Dept 1993], lv denied 82 NY2d 718 [1993]). The special information filed by the People to assert the existence of the predicate conviction (see CPL 200.60 [1], [2]) alleges only that defendant previously had been convicted of the crime of criminal contempt in the second degree, without specifying whether that previous conviction involved the violation of an order of protection or of any stay-away provision therein (see Penal Law § 215.51 [c]; see generally § 215.50; Dewall, 15 AD3d at 500).
The fact that defendant stipulated to the accuracy of the imprecise special information did not relieve the People of their burden of establishing the predicate conviction and related facts as part of their case-in-chief (cf. generally People v Lawrence, 141 AD3d 1079, 1082-1083 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). Inasmuch as the People failed to establish that the predicate conviction of criminal contempt in the second degree was based on the violation of a stay-away provision in an order of protection, they failed to establish a required element of criminal contempt in the first degree, and thus the evidence is legally insufficient to support the conviction of those crimes. We conclude, however, that the evidence is legally sufficient to support the lesser included offenses of criminal contempt in the second degree (Penal Law § 215.50 [3]), and we therefore modify the judgment accordingly (see CPL 470.15 [2] [a]). There is no need to remit for resentencing because defendant has served the maximum sentence for the class A misdemeanor of criminal contempt in the second degree (see Penal Law § 70.15 [1]; People v Clark, 138 AD3d 1449, 1451 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]). In the interest of judicial economy, we further modify the judgment by vacating the sentences imposed on counts one and two of the indictment and by imposing the maximum sentence allowed for criminal contempt in the second degree, i.e., definite sentences of 364 days' incarceration (see § 70.15 [1], [1-a] [b]).
Defendant next contends that the verdict is against the weight of the evidence because he did not violate the order of protection and thus is not guilty of criminal contempt, his actions in striking the victim of the assault crime were justified, and he was not capable of forming the intent necessary for any of the crimes due to his intoxication. Viewing the evidence in light of the elements of the lesser included offense of criminal contempt in the second degree (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that a verdict convicting defendant of that crime would not be against the weight of the evidence (see People v Jones, 100 AD3d 1362, 1365 [4th Dept 2012], lv denied 21 NY3d 1005 [2013], cert denied 571 US 1077 [2013]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Likewise, viewing the evidence in light of the elements of criminal mischief in the third degree and assault in the third degree in this nonjury trial (see Danielson, 9 NY3d at 349), we conclude that the verdict with respect to these counts is also not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). We see no reason to disturb County Court's credibility determinations with respect to whether defendant intended to violate the order of protection (see People v Barrios-Rodriguez, 107 AD3d 1533, 1534 [4th Dept 2013], lv denied 22 NY3d 1137 [2014]; see also People v Steinberg, 79 NY2d 673, 682 [1992]; People v Aikey, 153 AD3d 1603, 1604 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]), whether defendant was the initial aggressor in starting a brawl (see People v Perkins, 160 AD3d 1455, 1456-1457 [4th Dept 2018], lv denied 31 NY3d 1151 [2018]; People v Contreras, 154 AD3d 1320, 1321 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]), or whether defendant was still capable of forming the requisite criminal intent for the crimes despite the fact that there was evidence he was intoxicated at the time they were committed (see People v Principio, 107 AD3d 1572, 1573 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]; see also People v Reibel, 181 AD3d 1268, 1270 [4th Dept 2020], lv denied 35 NY3d 1029 [2020], reconsideration denied 35 NY3d 1096 [2020]).
Finally, defendant contends that the evidence is not legally sufficient to support the conviction of assault in the third degree (Penal Law § 120.00 [1]) inasmuch as the People failed to establish that the victim of that crime sustained a physical injury (§ 10.00 [9]). That contention is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]; People v Castillo, 151 AD3d 1802, 1802-1803 [4th Dept 2017], lv denied 30 NY3d 978 [2017]; see also People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]) and, in any event, it is without merit (see People v Azadian, 195 AD2d 564, 564 [2d Dept 1993], lv denied 82 NY2d 804 [1993]; People v Brooks, 155 AD2d 680, 681-682 [2d Dept 1989], lv denied 76 NY2d 731 [1990]; see also People v Perser, 67 AD3d 1048, 1049-1050 [3d Dept 2009], lv denied 13 NY3d 941 [2010]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court