■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 26, 1979, convicting him of attempted murder in the second degree, attempted robbery in the first degree (four counts) and assault in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of assault in the first degree, vacating the sentence imposed thereon, and dismissing said count. As so modified, judgment affirmed. In a nine-count indictment the defendant was charged with various crimes he was alleged to have committed while acting in concert with another person, who was not apprehended, in the "hold up" of a pharmacy. Both perpetrators were armed, and the pharmacist and the defendant were both seriously injured; the defendant's injury resulted in permanent paralysis of the lower portion of his body. At trial, testimony regarding the occurrence was given by the pharmacist, and by an employee and a customer who were present at the time. We reverse the defendant's conviction of assault in the first degree because we find under the facts of this case that that crime was committed in such a manner as to render it a lesser included count within attempted murder in the second degree. The evidence established that defendant fired at the pharmacist while face to face with him, striking him once in the face. (At the same time, the victim fired the gun he was licensed to carry at the defendant and struck him.) Generally, "An assault in any of its degrees *** is not a necessary legal element in a charge of [common law] murder" (*People v McDonald,* 159 NY 309, 314); hence the question is one always to

be determined upon the particular facts of the case under review. Here, the defendant caused serious physical injury to his victim, and the jury's finding of the element of intent to do so cannot be doubted upon this record. We hold then that the defendant could not have intended and attempted to cause the death of his victim, in the manner disclosed by the record, without concomitantly having committed the crime of assault in the first degree (CPL 1.20, subd 37; *People v Acevedo,* 40 NY2d 701). Upon defendant's conviction of attempted murder in the second degree, CPL 300.40 (subd 3, par [b]) mandates dismissal of the assault conviction as a lesser included count. The defendant's contentions with respect to the remaining crimes of which he was convicted lack merit. The charge given to the jury on accessorial liability, and the trial court's responses to the jurors' requests for additional instruction were correct and proper. Neither the principal nor the supplementary instruction is amenable to the criticisms enunciated in *People v Chessman* (75 AD2d 187, 194), and *People v Brabham* (77 AD2d 626); in those instances instructions were found to be "wholly inadequate" and a jury's confusion, manifested by no fewer than six requests for clarification or reinstruction on the law, was held not alleviated or removed when the response was a mere reiteration of the charge previously given. Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.