■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID McKINNEY, Appellant. [600 NYS2d 566] —Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction of robbery in the second degree. That charge resulted from a scuffle between defendant and a department store security guard that occurred when defendant attempted to flee from a shopping mall with stolen property. The People presented legally sufficient evidence that the security guard suffered a "physical injury", as defined by Penal Law § 10.00 (9). The guard testified that, during the scuffle, he suffered a two-inch laceration on his left hand; that the wound required treatment in a local hospital; that he kept the wound bandaged for about a week and a half after the incident; and that he was unable to perform certain job tasks, such as lifting items and installing cameras. That evidence was sufficient to establish the impairment of a physical condition *(see, People v Lawson,* 184 AD2d 588, *lv denied* 80 NY2d 931; *People v Maturevitz,* 149 AD2d 908; *People v Bramble,* 103 AD2d 1019;

*People v Chesebro,* 94 AD2d 897). We also conclude that the jury verdict was not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant did not move for dismissal of the indictment upon the ground that the People failed to present legally sufficient evidence that defendant acted with the requisite intent when he used force to overcome the guard's resistance to his continued retention of the stolen property, and thus failed to preserve that evidentiary challenge for appellate review *(see,* CPL 470.05 [2]; *People v Dekle,* 56 NY2d 835). In any event, there is no merit to that challenge *(see, People v Dekle,* 83 AD2d 522, *affd* 56 NY2d 835, *supra; People v Plaza,* 169 AD2d 681, *lv denied* 77 NY2d 965).

Defendant, by failing to request a jury instruction or to except to the court's instructions, did not preserve for review his contention that the court erred in failing to instruct the jury that a specific intent to use force for the purpose of overcoming resistance to continued possession of the stolen property was an essential element of robbery in the second degree *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351). The record discloses that the trial court instructed the jury that the force must be used for the purpose of overcoming resistance to continued possession, thereby conveying the proper mens rea to the jury *(see, People v Smith,* 79 NY2d 309, 312). (Appeal from Judgment of Onondaga County Court, Burke, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Doerr and Davis, JJ.