■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SMITH, Appellant. [649 NYS2d 418] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered June 28, 1994, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the third degree and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent sentences of 6 to 12 years, $3^1/_2$ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

Evidence at trial established that after stealing complainant's change purse from her pocketbook, defendant fled down a subway entrance, and after a short chase, was confronted by the complainant, who threatened to "cut" him if he did not return it. Defendant thereupon brandished a knife at complainant and her companion, at which time police arrived, directed him to drop his knife, and placed him under arrest. Defendant immediately offered to return complainant's purse if she would desist in pressing charges against him. Despite a search of defendant and the surrounding area, the change purse was not recovered. Viewing the evidence in the light most favorable to

the People (*People v Malizia*, 62 NY2d 755, 757), the jury was warranted in concluding that defendant threatened the immediate use of physical force for the purpose of preventing or overcoming resistance to defendant's retention of the property immediately after the taking (Penal Law § 160.00 [1]; *see, People v Smith*, 79 NY2d 309, 314-315). It was not necessary that defendant have actual, physical possession of complainant's property at the time he threatened the immediate use of physical force, particularly where he demonstrated his continued dominion of the change purse by offering to return it in exchange for dropping charges against him. Unlike the situation in *People v Nixon* (156 AD2d 144, *appeal dismissed* 76 NY2d 870), defendant's use of a knife was not intended solely to facilitate his escape, nor was it merely a reaction to use of force by the complainant.

Defendant's argument that his brandishing the knife was a justified self-defense response to the complainant's threat to cut him is without merit (*see, People v Pons*, 68 NY2d 264). Concur—Wallach, J. P., Rubin, Nardelli, Williams and Andrias, JJ.