■ The People of the State of New York, Respondent, v Gregory Robinson, Appellant. [690 NYS2d 357] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the third degree (Penal Law § 160.05). We reject defendant's contention that Supreme Court erred in failing to instruct the jury that defendant must have a "conscious objective" to use force to prevent any resistance to the retention of the stolen property (*see, People v Miller,* 87 NY2d 211, 217). The court instructed the jury that the threat of physical force must be used for the purpose of "[p]reventing or overcoming resistance to * * * the retention" of the property (Penal Law § 160.00 [1]), thus adequately conveying to the jury the proper mens rea for the crime (*see, People v Smith,* 79 NY2d 309, 312; *People v McKinney,* 195 AD2d 1003, 1004, *lv denied* 82 NY2d 757; *People v Wilkins,* 191 AD2d 215, *lv denied* 81 NY2d 978). Contrary to defendant's contention, the court's supplemental instruction adequately addressed the jury's question concerning the threat of force (*see, People v Brown,* 81 AD2d 674, 675). The court properly denied defendant's motion to dismiss at the close of the People's case. A rational jury could have found beyond a reasonable doubt that the evidence, viewed in the light most favorable to the prosecution (*see, People v Smith, supra,* at 314), established that defendant threatened the grocery store employees with the immediate use of physical force in an effort to prevent the employees from recovering the stolen property (*see, People v Smith,* 233 AD2d 124, 124-125, *lv denied* 89 NY2d 1101). (Appeal from Judgment of Supreme Court, Monroe County, Sheridan, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.