■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY MACK, Appellant. [707 NYS2d 105] —On the Court's own motion, it is ordered that its unpublished decision and order dated November 15, 1999, in the above-entitled case, is recalled and vacated and the following decision and order is substituted therefor:

Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Dowling, J.), rendered March 14, 1997, and (2) an amended judgment of the same court, rendered March 26, 1997, convicting him of burglary in the first degree, robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree (five counts), and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the appeal from the judgment rendered March 14, 1997, is dismissed, as that judgment was superseded by the amended judgment rendered March 26, 1997; and it is further,

Ordered that the amended judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the conviction for assault in the first degree to assault in the second degree and vacating the sentence imposed thereon; as so modified, the amended judgment is affirmed, and the

matter is remitted to the Supreme Court, Kings County, for resentencing on that count.

The defendant contends, and the People correctly concede, that the evidence was legally insufficient to support the conviction of assault in the first degree. There was no evidence that the injury to the complaining witness's head, which required four stitches, was life threatening or caused a protracted or serious disfigurement or impairment (*see,* Penal Law § 10.00 [10]; *People v Bass,* 168 AD2d 503). However, as conceded by the defendant, and supported by the record, the evidence was legally sufficient to support a conviction of assault in the second degree, as the complaining witness suffered physical injury (*see,* Penal Law § 10.00 [9]; *People v Rogers,* 138 AD2d 419). Accordingly, we have reduced the conviction to assault in the second degree (*see,* Penal Law § 120.05 [6]).

The defendant's remaining contentions do not require reversal. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.