■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DIXON, Appellant. [751 NYS2d 232] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered June 17, 1999, convicting him of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Starkey, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his suppression motion was properly denied because the police had probable cause to arrest him (*see People v Bigelow,* 66 NY2d 417, 423; *People v Samms,* 258 AD2d 676, *affd as mod* 95 NY2d 52; *People v Harris,* 245 AD2d 302; *People v Bond,* 227 AD2d 412, *affd* 90 NY2d 877).

The defendant's contention that the evidence was legally insufficient to establish that the victim suffered a physical injury is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the victim suffered a physical injury within the meaning of Penal Law § 10.00 (9). The record shows that the victim was repeatedly punched and kicked, and then slashed in the face, head, and arm with a box cutter. He received hospital treatment for the six lacerations caused by the box cutter, which were as large

as four inches in length, and required 74 stitches (*see People v Shannon,* 273 AD2d 505; *People v Broadwater,* 259 AD2d 1053; *People v McKinney,* 195 AD2d 1003; *People v Murray,* 156 AD2d 722; *People v Esquilin,* 141 AD2d 838).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.