■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TERRERO, Appellant. [818 NYS2d 288]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered April 16, 2004, convicting him of attempted murder in the second degree as a hate crime, assault in the first degree as a hate crime, assault in the second degree as a hate crime (three counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree as a hate crime, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the People did not disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt. At trial, the defendant testified that he used a knife in the fight with the three unarmed complainants. Furthermore, based upon the evidence, the jury could have concluded that the defendant did not reasonably believe that the complainants were about to use deadly physical force against him, and

consequently, that there was no justifiable basis for his resort to deadly physical force (*see People v Stubbs*, 234 AD2d 323 [1996]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of attempted murder in the second degree as a hate crime was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant also asserts that the evidence was legally insufficient to establish that one of the complainants suffered a physical injury within the meaning of Penal Law § 10.00 (9). This claim is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray, supra*). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes, supra*), we find that it was legally sufficient. The defendant sliced the victim's forehead with a knife causing bleeding, bruising, and swelling, for which the victim required medical attention. Therefore, the jury reasonably could have inferred that the victim suffered physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Dixon*, 298 AD2d 400 [2002]; *People v Coward*, 100 AD2d 628 [1984]).

Finally, under the circumstances, the conviction of assault in the second degree as a hate crime was an inclusory concurrent count of the conviction of assault in the first degree as a hate crime, and that count should have been dismissed (*see* CPL 300.40 [3] [b]; *People v Butler*, 192 AD2d 543, 544-545 [1993]).

The defendant's remaining contention is without merit. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.