# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**610**
**KA 11-01185**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

MUSTAFA BURRELL, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL),
FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 21, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the evidence is legally insufficient to establish that the victim sustained a physical injury. As defendant correctly concedes, he failed to preserve that contention for our review inasmuch as he failed to move for a trial order of dismissal on that ground (*see People v Gray*, 86 NY2d 10, 19). In any event, defendant's contention is without merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that the victim sustained a physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Terrero*, 31 AD3d 672, 673, *lv denied* 7 NY3d 852; *People v Mack*, 268 AD2d 599, 600). Defendant cut the victim's neck with a knife, causing bleeding and requiring stitches (*see Terrero*, 31 AD3d at 673; *People v Amin*, 294 AD2d 863, 863, *lv denied* 98 NY2d 672; *Mack*, 268 AD2d at 600). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that he is entitled to a new trial because County Court failed to give limiting instructions with respect to *Molineux* evidence establishing that he had been involved in a prior altercation with the victim. As defendant correctly concedes, that contention is "unpreserved for our review because his attorney did not request a limiting

instruction and failed to object to the court's failure to provide one" (*People v Williams*, 107 AD3d 1516, 1516, *lv denied* 21 NY3d 1047; *see* CPL 470.05 [2]).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant likewise failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during summation inasmuch as he failed to object to any of the challenged comments (*see People v Ward*, 107 AD3d 1605, 1606, *lv denied* 21 NY3d 1078).  In any event, we conclude that "[a]ny 'improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY2d 583).

We agree with defendant, however, that it is unclear from the record whether he was present for a portion of the *Ventimiglia* hearing conducted in chambers, and thus we are unable to determine whether defendant's right to be present at a material stage of the trial was violated (*see generally People v Russo*, 283 AD2d 910, 910, *lv dismissed* 96 NY2d 867).  We therefore hold the case, reserve decision and remit the matter to County Court for a reconstruction hearing on the issue whether defendant was present at that portion of the *Ventimiglia* hearing (*see id.* at 910-911).

Entered:  August 8, 2014                              Frances E. Cafarell
                                                       Clerk of the Court