People v Luciano (2021 NY Slip Op 01788)





People v Luciano


2021 NY Slip Op 01788


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-05499
 (Ind. No. 1295/15)

[*1]The People of the State of New York, respondent,
v
Peter Luciano, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Tina Grillo, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie G. Leach, J.), rendered April 7, 2017, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the prosecution failed to disprove the defense of justification beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Carncross, 14 NY3d 319, 324-325; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Terrero, 31 AD3d 672, 672).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v McLaurin, 33 AD3d 819, 820).
The defendant's claim that he was deprived of his constitutional right to present a defense is unpreserved for appellate review (see People v Angelo, 88 NY2d 217, 222; People v Paixao, 23 AD3d 677, 677-78). In any event, the defendant was not deprived of his right to present a defense, as he was permitted to testify regarding his personal observations of the complainant's aggressive behavior (see People v Fore, 33 AD3d 932, 933).
The defendant's contention that the prosecutor made improper comments during summation is unpreserved for appellate review. The defendant either failed to object to the [*2]challenged remarks or registered one-word general objections (see CPL 470.05[2]; People v Collins, 109 AD3d 482, 482; People v Gill, 54 AD3d 965, 965-966). In any event, the challenged remarks constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (see People v Pringle, 136 AD3d 1061, 1063).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court