People v Copeland (2024 NY Slip Op 03762)

People v Copeland

2024 NY Slip Op 03762

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2019-12949
 (Ind. No. 1698/18)

[*1]The People of the State of New York, respondent,
v
Marque Copeland, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice and Weil, Gotshal & Manges LLP [Zachary D. Tripp and Colin McGrath], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Joseph M. DiPietro of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered October 21, 2019, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the prosecution failed to disprove the defense of justification beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; see also People v Stockfeder, 219 AD3d 641, 641; People v Luciano, 192 AD3d 1045, 1046). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Terrero, 31 AD3d 672, 672). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644; People v Luciano, 192 AD3d at 1046). Contrary to the defendant's contention, defense counsel was not ineffective for failing to preserve this issue (see People v McGee, 20 NY3d 513, 518; People v Pearsall, 171 AD3d 1096, 1096-1097).
The defendant contends that the admission of the victim's autopsy report prepared by a medical examiner through the testimony of a medical examiner employed by the Office of the Chief Medical Examiner for the City of New York, who did not participate in the autopsy, violated his constitutional right to confront witnesses against him. This contention is unpreserved for appellate review (see CPL 470.05[2]; see also People v Hairston, 213 AD3d 694, 695; People v Smith, 174 AD3d 655, 657). In any event, we are satisfied that the evidence of the defendant's guilt, without reference to the report or the medical examiner's testimony, was overwhelming, and any error in the admission of the report or the testimony was harmless beyond a reasonable doubt (see [*2]People v Zephir, 212 AD3d 738, 739; People v Grady, 211 AD3d 1037, 1038). To the extent that the report or the medical examiner's testimony could be viewed as relevant to the defendant's justification defense, it was cumulative (see People v Ortega, 202 AD3d 489, 492, affd 40 NY3d 463), given the testimony of all three of the eyewitnesses and several law enforcement officers, as well as DNA evidence. Contrary to the defendant's contention, defense counsel was not ineffective for failing to preserve this issue (see People v Liggins, 185 AD3d 721, 721; People v Kinard, 187 AD3d 936, 936).
The defendant's contention that the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) deprived him of his constitutional right to a fair trial is without merit. The court providently exercised its discretion in its Sandoval ruling by allowing the People to cross-examine the defendant on his previous convictions but precluding the People from questioning the defendant about the underlying facts of those convictions (see People v Noble, 211 AD3d 970, 973; People v Myles, 172 AD3d at 753).
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court