OPINION OF THE COURT
Kaye, J.
 In this appeal from a conviction for robbery in the first degree, we must determine whether the robbery statute required proof that the defendant intended that his threatened use of force would compel the victim to deliver up her property or overcome resistance to the taking of the property. We conclude that there is such a mens rea element in the statute, but disagree with the Appellate Division that the evidence was legally insufficient to establish it. We therefore reverse the order of the Appellate Division and reinstate defendant’s convictions for robbery and a related count.
I.
Shortly after midnight on September 10, 1983, a young *311 woman and two of her friends were socializing at Unger’s Bar in Buffalo. The woman left for an adjacent restaurant, where she ordered two hot dogs and, not wanting to eat alone in the restaurant, sat in the passenger seat of her friend’s car, parked nearby.
Defendant suddenly entered the car from the driver’s side, brandishing a knife which he held to her neck, and repeatedly threatened that she would "pay” for what her girlfriend did. When she asked for an explanation, defendant pushed her down, blindfolded her, and drove for about 10 or 15 minutes. He then parked on a dark street and ordered her out of the car, whereupon he raped and sodomized her.
After the assault, defendant stood over his victim and threatened to kill her because she could identify him. She pleaded for her life and suggested that defendant instead take her purse. Defendant returned to the car, emptied the contents of the purse, and fled with her money.
Defendant was convicted, after a jury trial, of rape, sodomy, robbery and unauthorized use of a motor vehicle, each in the first degree. On appeal to the Appellate Division, defendant argued that the evidence was legally insufficient to sustain the conviction for robbery. Agreeing, the Appellate Division held that defendant "did not threaten the use of force for the purpose of compelling the owner to deliver up the property or for the purpose of preventing or overcoming resistance to the taking or retention of the property.” (166 AD2d 879, 880.) The court reversed the convictions for robbery and for unauthorized use, which was predicated on robbery (see, Penal Law § 165.08) and dismissed those counts of the indictment.
We disagree with the Appellate Division’s analysis of the evidence and conclude that the proof was legally sufficient to sustain the jury’s verdict on robbery.
II.
The threshold issue in this case is one of statutory interpretation, as to which the Court’s role is clear: our purpose is not to pass on the wisdom of a statute or any of its requirements, but rather to implement the will of the Legislature as expressed in its enactment. We discharge that role first by looking to the language of the statute in question, which in the present case is unambiguous. Robbery is defined in Penal Law § 160.00 as follows:
"Robbery is forcible stealing. A person forcibly *312 steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
”1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
”2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.” (Emphasis added.)
Stated simply, the issue is whether the "for the purpose of’ language sets forth a mens rea element of robbery. In other words, must a defendant intend that the use of force will either compel a person to deliver up the property, or prevent resistance to the taking of property, or is it sufficient that the force employed has that unintended effect? We conclude that under this statute, a defendant must intend that the threatened or actual use of physical force have one of the enumerated consequences.
We reach this conclusion because, giving the words their ordinary meaning, the statute is difficult to read otherwise. The statute defines robbery as a larceny accompanied by force employed for one of the purposes set forth. Logically, a defendant cannot act with a specified purpose unless an intent is formed to carry out that purpose. Thus, courts in this State have uniformly read the "for the purpose” language as an intent element of the statute (see, People v Chessman, 75 AD2d 187, 193, appeal dismissed 54 NY2d 1016; People v Lopez, 58 AD2d 516; see also, People v Nixon, 156 AD2d 144, appeal dismissed 76 NY2d 870).
In at least one other State with a statute like ours, the courts similarly have read "for the purpose of’ to require intent. The Supreme Court of Connecticut, for example, construing a nearly identical robbery statute,[1] held "the statute *313 requires that the state prove that physical force was used by the defendant with the conscious objective or intention of preventing or overcoming resistance.” (State v Williams, 202 Conn 349, 356, 521 A2d 150, 154.) Delaware’s statute simply substitutes the words "with intent to” for Penal Law § 160.00’s "for the purpose of’.[2] (See also, 2 LaFave and Scott, Substantive Criminal Law § 8.11 [e] [concluding that unless defendant’s acts of violence and intimidation are undertaken for the very purpose of taking the victim’s property, there would be no robbery "under those robbery statutes which expressly state that the force must be used for the purpose of committing the theft” (id., at 453-454, and n 92, citing Penal Law § 160.00)].)
Our reading of the plain language of the statute is confirmed beyond question when its origins are examined. In 1961, the Legislature created a Temporary State Commission whose purpose was to revise and simplify the existing Penal Law, which had last been codified in 1909 (see, L 1961, ch 346).[3] The Commission prepared a complete proposed revision of the Penal Law, introduced as a study bill at the 1964 legislative session. It defined robbery as follows:
"Robbery is forcible stealing. A person forcibly steals property and commits robbery when, with *314 intent to deprive another of property or to appropriate the same to himself or to a third person, he takes such property from the person or in the presence of the owner by:
"1. Using physical force upon the owner with intent thereby to prevent his power of resistance or to overcome his resistance (a) to the taking of the property, or (b) to the actor’s retention of the property immediately after the taking; or
"2. Threatening the imminent use of physical force upon the owner or another person who is present, with intent thereby to compel the owner to acquiesce (a) in the taking of the property, or (b) in the actor’s retention of the property immediately after the taking.” (Emphasis added.)
After soliciting public comment and holding hearings, the Commission determined that the proposed robbery statute was deficient in that it (and then-existing Penal Law §2120) contained a "from the person or in the presence of’ limitation which would exclude a variety of forcible thefts that were "robberies in spirit” (Fourth Interim Report of State of NY Temp Commn on Revision of Penal Law and Criminal Code, at 39 [1965 NY Legis Doc No. 25]), and it excluded those elements from the final draft submitted to the Legislature. But more importantly for present purposes, the Commission also streamlined the definition of robbery, and the initially proposed "with intent thereby” elements became the "for the purpose of’ element in Penal Law § 160.00.
Thus, the plain language of the statute, amply confirmed by an examination of its history, establishes that "for the purpose of’ was intended by the Legislature to be a mens rea element.
III.
We next turn to the question whether the proof was legally sufficient to support the mens rea element discussed above— the only element in dispute. The issue was raised at trial by defendant’s motion to dismiss at the close of the People’s case, which the trial court denied, finding an issue of fact. The motion was properly denied if, viewing the evidence in a light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt that the elements of robbery were satisfied (see, People v Contes, 60 NY2d 620, 621).
*315 Often there is no direct evidence of a defendant’s mental state and the jury must infer the mens rea circumstantially from the surrounding facts (see, People v Bracey, 41 NY2d 296, 301). The applicable culpability standard — intent—required evidence that, in using or threatening physical force, defendant’s "conscious objective” was either to compel his victim to deliver up property or to prevent or overcome resistance to the taking (Penal Law § 15.05 [1]; § 160.00 [1], [2]). We conclude that a jury could rationally have found from the circumstances surrounding the larceny that defendant’s continuous application of the threat of force was with the conscious objective of compelling his victim to deliver up her property or preventing or overcoming resistance to the taking or retention of her property.
A jury was not bound to accept defendant’s stated purpose to kill at face value. But even assuming that purpose had to be taken at face value — as the Appellate Division apparently did — a jury could rationally conclude from the circumstances that at some point after the victim "offered” her property in response to defendant’s threat of death, defendant continued the threat of force with the conscious objective of overcoming resistance to the taking or retention of the property. Thus, the evidence of intent was sufficient as a matter of law and the trial court properly denied the motion to dismiss.
Accordingly, the order of the Appellate Division should be reversed and the judgment of Erie County Court reinstated.

. Connecticut’s robbery statute (Conn Gen Stat § 53a-133) provides: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.”

. Del Code Annotated, title 11, § 831 provides:
"A person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of force upon another person with intent to:
"(1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or
"(2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.”

. Under the Penal Law of 1909, robbery was defined as follows:
"§ 2120. Robbery defined. — Robbery is the unlawful taking of personal property, from the person or in the presence of another, against his will, by means of force, or violence, or fear of injury, immediate or future, to his person or property, or the person or property of a relative or member of his family, or of any one in his company at the time of the robbery.
"§ 2121. Force or fear must be employed. — To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property or to prevent or overcome resistance to the taking. If employed merely as a means of escape it does not constitute robbery.”