■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK HARRIS, JR., Appellant. [595 NYS2d 217] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LeVine, J.), rendered April 30, 1991, convicting him of attempted robbery in the third degree, endangering the welfare of a child, criminal contempt in the second degree (two counts), and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to sustain his conviction for attempted robbery in the third degree. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's intent to steal property forcibly may be inferred from his conduct and the surrounding circumstances *(see, People v Bracey,* 41 NY2d 296, 301; *People v Hope,* 128 AD2d 638). Here, the defendant's son testified that his father grabbed him around the neck and held a knife to his throat. A short while later, the defendant demanded the boy's keys and proceeded to go through his pockets. This was sufficient to demonstrate an intent to deprive the victim of his property *(see, Matter of Vere C.,* 183 AD2d 428; *People v Andre,* 167 AD2d 343). Moreover, upon the

exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that the court erred in allowing his ex-wife to testify as to his violations of prior orders of protection. It was error to admit this testimony as evidence of the defendant's modus operandi as there was nothing sufficiently unique about the defendant's prior acts *(see, People v Beam,* 57 NY2d 241, 251). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.