■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENNARO GIANNIZZERO, Appellant. [619 NYS2d 307] —Appeals by the defendant from three judgments of the County Court, Suffolk County (Cacciabaudo, J.), all rendered March 26, 1992, convicting him of burglary in the second degree under Indictment No. 1218/90, upon a jury verdict, and robbery in the first degree (two counts, one each as to Indictment Nos. 423/91 and 1280/91), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant, after being evicted from his rented apartment, returned and, without permission, removed a door and did damage to the apartment. At his trial on the charge of burglary in the second degree under Indictment No. 1218/90, the defendant claimed that he thought he had a right to take

the door and, therefore, the People failed to prove the element of intent. On appeal, the defendant argues, *inter alia,* that the trial court should have granted his request for a trial order of dismissal at the close of the People's case. We disagree. The motion was properly denied since, viewing the evidence in the light most favorable to the prosecution, a rational jury could have found that the elements of burglary in the second degree were established beyond a reasonable doubt *(see, People v Smith,* 79 NY2d 309, 314). Often there is no direct evidence of a defendant's mental state and the jury must infer intent from the surrounding facts and the defendant's actions *(People v Smith, supra,* at 315; *People v Valverde,* 205 AD2d 444; *People v McGee,* 204 AD2d 353; *People v Harris,* 191 AD2d 643). Here, the jury was not bound to accept the defendant's stated purpose of getting his own door back in unlawfully entering the apartment *(see, People v Smith, supra,* at 315). Despite the defendant's denial of these actions, the jury was free to believe the testimony of the People's witnesses which established that the defendant forced his way into the apartment, removed a door, damaged the walls and removed cabinets *(cf., People v Athanasopoulos,* 206 AD2d 381). Therefore, a rational jury could conclude from the circumstances that the defendant, at the time that he unlawfully entered the apartment, intended to commit a crime therein *(see,* Penal Law § 140.25).

The defendant's remaining contentions are unpreserved for appellate review or without merit *(see, People v Fenderson,* 203 AD2d 585; *People v Flores,* 84 NY2d 184, 187). Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.