■ The People of the State of New York, Respondent, v Matthew Dluhy, Appellant. [732 NYS2d 724] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 14, 2000, upon a verdict convicting defendant of the crime of robbery in the second degree.

On November 28, 1998, defendant, wearing a mask and displaying a BB gun, entered a delicatessen in the Town of Marlboro, Ulster County, and demanded money from an employee therein. Arrested on December 4, 1998 and charged with robbery in the second degree, he was convicted after trial and sentenced to prison for a determinate term of 11 years. Defendant appeals, contending that the verdict was not supported by legally sufficient evidence and that his confession should have been suppressed.

Although a *Huntley* hearing resulted in a determination that defendant's confession was admissible, defendant continued to challenge the voluntariness of such statement at trial. He asserted that, by the conduct of the police, his confession was involuntary and that, by his inability to form a specific intent, his confession was inadmissible. The record belies these contentions. Police officers, acting on a tip that defendant was located in a residence in the City of Poughkeepsie, Dutchess County, received permission from its owner to enter the building. There they found defendant hiding in the basement. In light of the seriousness of the offense being investigated and the circumstances under which he was located, defendant was ordered to the ground and handcuffed to determine if he was in possession of any weapons. After removing him to a more suitable location, the handcuffs were removed once the officers were assured of their safety. Defendant thereafter voluntarily accompanied the police officers to discuss the crime being investigated. After admitting to some knowledge of the robbery, the officers gave him *Miranda* warnings and defendant ultimately confessed and led the officers to the place where he secreted the BB gun.

Although witnesses disagree as to the precise conduct of the police officers in their search and discovery of defendant and how he was treated after being handcuffed, "[n]othing in our precedents establishes a rule that the application of handcuffs will always be dispositive of whether the detention of a suspect on reasonable suspicion has been elevated into a full-blown arrest" (*People v Allen*, 73 NY2d 378, 380). Given these facts, we do not find the officers' use of handcuffs gratuitous or unwarranted (*see, id.*). For these reasons, defendant's admissions made thereafter were properly presented to the jury.

Addressing the legal sufficiency of the evidence supporting the verdict, viewed in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), we find a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the

basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). The People were required to prove that defendant forcibly stole property and that either in the course of the commission of that crime or upon his immediate flight therefrom, he or another participant displayed "what appear[ed] to be a * * * firearm" (Penal Law § 160.10 [2] [b]). In support thereof, the People presented, *inter alia*, the victim's testimony, defendant's confession, a videotape of the armed robbery and the weapon used. While not disputing that he performed the acts charged, defendant contended that he did not have the ability to form the requisite criminal intent to be convicted of the crime. He presented both expert and lay testimony to support this assertion. Lay witnesses who were with defendant on that evening just prior to the commission of the robbery described his extensive use of alcohol and marihuana, asserting that he was highly intoxicated at or about the time of the robbery. In addition, a psychiatrist, who had treated defendant two years prior to the robbery and resumed treatment one month after his arrest, testified that attention deficit hyperactivity disorder and chronic mild depression, heightened by his intoxication at the time of the robbery, rendered him incapable of forming the requisite intent.

Notably, evidence concerning defendant's state of intoxication was inconsistent; some witnesses testified that he had consumed extensive amounts of alcohol and drugs prior to the commission of the robbery, while the victim testified that he did not appear intoxicated. While defendant contends that the unrebutted testimony of his psychiatrist was so credible as a matter of law as to create a reasonable doubt as to defendant's ability to form the requisite criminal intent, we find that County Court properly charged the jury that it could accept or reject the testimony and conclusions of both this expert and that of the lay witnesses, in whole or in part. Noting that the jury had before it the videotape of the crime along with defendant's confession in which he described his conduct in detail, we find that there was sufficient evidence of intent, as a matter of law, to have enabled the jury to reach the verdict rendered (*see, People v Smith*, 79 NY2d 309).

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.