■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STEWART, Appellant. [869 NYS2d 423]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its rejection of defendant's testimony, in which he claimed he acted in self-defense and did not take any property. The prosecution's evidence established that after the elderly victim slightly moved a jacket lying on a bench in order to sit down, defendant approached, claimed the jacket was his, hit the victim with enough force to knock him unconscious, and immediately took the victim's watch and wallet. This evidence supports the conclusion that defendant's intent was to use force "for the purpose of" taking property (*see* Penal Law § 160.00; *People v Smith*, 79 NY2d 309, 315 [1992]), and that the theft was not an afterthought to using force in anger over the disturbance of the

jacket. Even if defendant's observation of the victim touching the jacket may have led defendant to target this particular victim, that would not undermine the inference that defendant hit the victim for the purpose of taking property. Concur— Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.