Filed 12/30/14  P. v. Ortiz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>WILLIAM ORTIZ,<br><br>     Defendant and Appellant. | D065326<br><br><br>(Super. Ct. Nos. SCD250272,<br>  SCE315332, SCE314222) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed in part, reversed in part, and remanded.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

This case arises from three separate cases involving felony controlled substances offenses (SCE315532, SCD250272, SCE314222).  As part of an agreement to resolve all

three cases, William Ortiz entered guilty pleas and agreed to a stipulated two-year sentence.

At the time of sentencing Ortiz requested the term be served in the county jail. The court determined that Ortiz was ineligible for a county jail sentence pursuant to Penal Code[1] section 1170, subdivision (h) because he had suffered a conviction for robbery in New York and that the robbery qualified as a serious felony in California.

Ortiz appealed from the judgment in each case and obtained a certificate of probable cause for each case (§ 1237.5).

Ortiz raises several constitutional challenges to the court's decision to impose a prison sentence instead of county jail. However, reduced to their basic substance, Ortiz contends the fact of the New York robbery should have been pleaded and proved beyond a reasonable doubt. He further contends there is insufficient evidence in the record to support the trial court's finding that the New York robbery conviction would qualify as a serious felony in California as required by section 1170, subdivision (h).

The People argue that Ortiz waived his right to appeal this sentencing decision; that the issue is moot because Ortiz has since been released from prison. The People concede, however, that if we reach the merits of whether the New York robbery conviction qualifies as a serious felony in California, that the evidence in the record is not sufficient to support the finding. The People ask that if we reach the merits we should

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

vacate the sentence and remand the case to the trial court to conduct an appropriate hearing on the issue. Ortiz agrees the appropriate remedy is to remand for a new hearing.

We will find the People have not established any waiver of the right to raise these issues on appeal. Likewise, the People have not demonstrated the issue is moot. We will reject the appellant's argument that the fact of the prior conviction under section 1170, subdivision (h) must be plead or proved. We will, however, vacate the sentence and remand for a new sentencing hearing.[2]

## DISCUSSION

### I

### *WAIVER OF APPELLATE RIGHTS*

The People contend that Ortiz waived his right to raise the current issues on appeal by initialing the "Appeal Rights" section of the change of plea form. We disagree.

The waiver section states: "I give up my right to appeal the following: 1) denial of my 1538.5 motion, 2) issues related to strike priors (under PC sections 667(b)-(i) and 1170.12), and 3) any sentence stipulated herein." The People argue that since the decision in this case was whether the New York conviction would qualify as a serious felony in California that he has waived his appeal rights because the decision would be whether the conviction was a "strike." We do not pause long with this argument.

At no time did the prosecution plead that the New York prior was a strike under sections 667, subdivisions (b) through (i) or 1170.12. Since there was no allegation in the

---

[2] The facts of the underlying offenses are irrelevant to the issues in this appeal. Therefore we will omit the traditional statement of facts.

3

pleadings that there was a "strike" or that the enumerated code sections applied, there is no basis for us to find, or imply a waiver of appellate rights. Further, there is no discussion in the record of the change of plea that would indicate the parties intended the general paragraph in the form to apply beyond its language. The People have not met their burden to prove waiver. (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.)

## II

### *MOOTNESS*

The People also contend the issues here are moot because Ortiz has since been released from prison. To that end they have filed a request for judicial notice of the prison records showing the release. There is no dispute between the parties Ortiz has been released so we will grant the request for judicial notice. The fact Ortiz has been released does not render the issues moot. He is on supervised release from his prison commitment, which the parties agree would not be the case if this stipulated two-year term had been served in county jail. We also note, under the current judgment, Ortiz would be subject to an enhancement for a prison prior (§ 667.5, subd. (b)) if he should be again charged with a felony offense. We decline to treat this appeal as moot.

## III

### *WAS ORTIZ INELIGIBLE FOR A COUNTY JAIL SENTENCE?*

The basic thrust of appellant's attack on the sentence is that the New York conviction had to be pled and proved to a jury beyond a reasonable doubt. In making this argument Ortiz relies on *Apprendi v. New Jersey* (2000) 530 U.S. 466 and *Blakely v.*

*Washington* (2004) 542 U.S. 296.[3] The thrust of those cases is that where some fact is used to increase a sentence beyond the maximum authorized by statute, then such fact must be pleaded and proved to a jury, beyond a reasonable doubt. The problem Ortiz has on this issue is that the fact of a prior conviction under section 1170, subdivision (h) does not increase the sentence. It only addresses where the sentence is to be served.

Ortiz recognizes his challenges have been specifically rejected by California case law in *People v. Griffis* (2013) 212 Cal.App.4th 956, 963-964. Ortiz simply argues the case was wrongly decided. We disagree. The court in *Griffis* reviewed the history of section 1170, subdivision (h) and relevant case law at length. In our view the court correctly determined under that section the fact of the prior conviction is simply a recidivist sentencing fact that does not increase punishment beyond that authorized by the statute defining the offense. We will follow the lead of the *Griffis* opinion and also reject the challenges brought by Ortiz.

That brings us to the "merits" of the question of whether a conviction for second degree robbery in New York qualifies as a serious felony in California. Here there is no dispute. The parties agree that the elements of robbery in New York are different than robbery in California. For example, robbery can be committed in New York without taking property from the person of the victim and without asportation. (*People v. Smith* (1992) 79 N.Y.2d 309, 314; *People v. Alamo* (1974) 34 N.Y.2d 453, 457-458.) The parties agree the New York statute does not necessarily encompass the elements of

---

3       Ironically, Ortiz also initialed a "Blakely Waiver" in the change of plea form.

robbery as defined in California. They also agree that a further hearing is appropriate to allow the prosecution to attempt to prove the facts of the commission of the offense would qualify as a serious felony in California. Thus, we will not belabor the differences between California and New York law any further.

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court to conduct an appropriate hearing consistent with the views expressed in this opinion. If the court finds the facts of the record of the New York conviction would qualify as a serious felony in California, the court shall reinstate the original sentence. If the court finds the New York conviction does not qualify as a California serious felony, it shall resentence Ortiz accordingly. In all other respects the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

6