Filed 12/30/14  P. v. McCaw CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE, | B253066 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA082595) |
| v. | |
| MICHAEL GARRETT McCAW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jared Moses, Judge.  Affirmed in part and reversed in part.

Maureen L. Fox, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer, Deputy Attorney General, and Marc A. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

_____

In a prior appeal, this court affirmed the conviction of defendant and appellant Michael Garrett McCaw, but reversed findings that his 1999 conviction in New York for attempted third degree robbery was a prior serious felony conviction and a prior conviction under the three strikes law. (*People v. McCaw* (Jan. 9, 2013, B236754) [nonpub. opn.].) On remand, the trial court again found the prior convictions allegations true, findings defendant challenges on appeal. Defendant further contends that the court violated his constitutional rights by failing to hold a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), improperly conducting a later-requested *Marsden* hearing, and denying his request for substitute counsel. We again find the evidence insufficient to support the recidivism findings and reverse that portion of the judgment. We remand to allow the prosecution the opportunity to pursue a limited retrial concerning the allegations if additional evidence is available. In all other respects, the judgment is affirmed.

## PROCEDURAL BACKGROUND

The jury found defendant guilty of attempted voluntary manslaughter (Pen. Code, §§ 192, 664),[1] and found true the allegations that defendant used a deadly weapon (§ 12022, subd. (b)(1)) and inflicted great bodily injury (§12022.7, subd. (a)). In a bifurcated proceeding, the trial court found that defendant had suffered a prior strike under the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a prior serious felony conviction (§ 667, subd. (a)), based on a 1999 conviction for attempted third degree robbery in New York. It also found that defendant had served a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced defendant to 21 years in state prison. It imposed the high term of five and a half years, doubled to eleven years under the three strikes law. The trial court imposed an additional year for use of a deadly weapon, three years for

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

inflicting great bodily injury, five years for the prior serious felony conviction, and one year for the prior prison term.

Defendant argued in his prior appeal that there was insufficient evidence that his 1999 New York conviction for third degree attempted robbery, resulting from his guilty plea, constituted a prior serious felony conviction or strike for purposes of imposing sentencing enhancements under section 667, subdivision (a) and the three strikes law, because the appellate record failed to establish that the New York conviction contained all the elements of attempted robbery under California law. The Attorney General conceded the insufficiency of the evidence. We agreed the evidence was insufficient, because robbery under California law requires that property be "taken from the other person or (his/her) immediate presence" (CALCRIM No. 1600), whereas under New York law it is not required that the person robbed be in equally close physical proximity to the stolen property. Because the record did not show that the New York conviction involved conduct satisfying all the elements of the comparable California statute, we reversed and remanded for a limited retrial of the prior conviction allegations. We affirmed the judgment in all other respects.

## RETRIAL OF RECIDIVISM ALLEGATIONS

The prosecution presented evidence that had been introduced in the original trial of the prior conviction allegations. This evidence included the following documents: a section 969b packet from the California Department of Corrections and Rehabilitation; a subpoena duces tecum and a certified copy of a Criminal History Record Information report from the New York State Division of Criminal Justice Services; and two jury instructions, one entitled "Introductory Charge to Robbery" and the other "Robbery Third Degree." The Criminal History Record Information report states that defendant was convicted upon a plea of guilty to third degree criminal possession of a loaded firearm

3

(N.Y. Pen. Law, § 265.02, subd. (4)),[2] and third degree attempted robbery (N.Y. Pen. Law, § 160.05).

As additional proof of the prior convictions, the prosecution presented an affidavit by a Court Clerk Specialist, accompanied by records identified in the affidavit as "complaint, indictment, sentence and commitment, worksheet, action sheet and criminal court folder back. Certificate of Disposition." Exhibit No. 4 includes a document that lists the offenses with which defendant was charged, specifically, one count of first degree attempted robbery (N.Y. Pen. Law, § 110 / 160.15, subd. 2), one count of third degree criminal possession of a weapon (N.Y. Pen. Law, § 265.02, subd. (3)), one count of third degree criminal possession of a weapon (N.Y. Pen. Law, § 265.02, subd. (4)), and misdemeanor resisting arrest (N.Y. Pen. Law, § 205.30). The document also includes a signed statement by Michele Jaworski, which states, in relevant part, that on or about November 3, 1997, "defendant did point a silver revolver at deponent and did state in sum and substance WE'RE GONNA' DO THIS MY WAY and that when deponent did tell defendant that a police officer was nearby, defendant did grab deponent's purse and did attempt to take it from her." Exhibit No. 4 also includes a notation from the Custodian of Records of the Supreme Court of New York, Bronx County, that the following records are not contained in the court's files: plea transcripts, the plea agreement, grand jury transcripts, the probation report, pre-plea reports, and court dockets.

At the retrial on the recidivism allegations, defense counsel argued that Jaworski's statement appeared to be a statement to provide probable cause for arrest, and that by itself, it was insufficient evidence for the court to rely upon when considering whether the elements of attempted robbery in California were met. Defendant was not convicted of attempted first degree robbery, as alleged in the document; he pled guilty to third degree attempted robbery. This would leave the court with only the elements of attempted third degree robbery to consider. Third degree robbery in New York does not

---

[2] This subdivision of New York Penal Code section 265.02 was repealed in 2006.

4

require that the victim be present, and therefore could not qualify as a serious or dangerous felony under California law, which requires that the victim be present. Defense counsel illustrated his point:

"…[I]n a situation where there's a burglary. And you have information within the police reports, the documentation, the indictment that in fact a burglary was committed. But, at the time of sentencing, he were to plead to a receiving stolen property. [¶] The court cannot then go back and review all those documents and say, hey, I believe this was a . . . burglary, although he had pled to a receiving stolen property. I mean, the court is bound to what [defendant] pled to."

The trial court agreed that in the proposed scenario, the evidence would be insufficient because receiving stolen property is not a strike offense in California, but that defendant's case was distinguishable because attempted robbery is a strike offense. Because attempted robbery is a strike offense in California, the court was required to look at the actual conduct and determine whether it satisfied the elements of robbery as set forth in California.

Defense counsel argued that if one looked at the elements of attempted third degree robbery adjudicated in New York, there was insufficient evidence to show that the elements met the California requirements. The document containing Jaworski's statement referred to attempted first degree robbery, not attempted third degree robbery, the offense pled. The element of taking from another person's possession and immediate presence was not established by the documents in the record.

The prosecution countered that, in *People v. Guerrero* (1988) 44 Cal.3d 343, 355 (*Guerrero*), it was established that the court could consider the entire record of conviction, including the allegations, accusatory pleading, and the defendant's guilty plea, and that there was evidence in the record of conviction to establish the element of taking from another person's possession and immediate presence.

The court found that the document containing Jaworski's statement appeared to be "in the form of a charging document" with the signed affidavit of the victim. It noted that

the document was file stamped with the case number. The trial court again found the prior conviction allegations true, stating:

"I do find beyond a reasonable doubt based upon . . . the records that I reviewed as finder of fact that the prior attempted robbery conviction in New York State is a strike under California three strikes law as the conduct as set forth in the charging document by Miss Jaworski clearly indicates all the elements of a California attempted robbery.

"It's with a person present, and then the defendant approaches with a firearm, makes a statement about 'now we do it my way,' grabs her purse, attempts to take the purse from her person forcibly, and then, at some point, she says there is a police officer nearby and he takes off running.

"So, based upon that, it is clear to me that this is an attempted robbery within the meaning of the California three strikes law. And, therefore, I find it true beyond a reasonable doubt, both as a strike and as a [section] 667[, subdivision] (a) prior as well."

The trial court again imposed the sentence of 21 years in state prison on November 4, 2013. Defendant timely appealed.

## DISCUSSION

### *Prior Conviction Allegations*

Defendant contends there is insufficient evidence that his New York attempted robbery conviction qualifies as a serious felony or a strike for purposes of the California sentencing enhancements. He first argues that *Descamps v. United States* (2013) __ U.S. __ [133 S.Ct. 2276] (*Descamps*), which the high court decided subsequent to our remand, prohibits the trial court from examination of the entire record of conviction in this instance, repudiating our Supreme Court's prior decisions in *Guerrero, supra,* 44 Cal.3d 343 and its progeny. Alternatively, defendant asserts that even under current California law, the evidence was insufficient to support the sentence enhancements. The Attorney General disagrees, arguing that California's jurisprudence is unaffected by *Descamps*.

6

As we discuss below, there was insufficient evidence to support the conclusion that defendant's New York conviction for third degree attempted robbery constituted a strike and a serious felony under California law. We therefore do not consider the question of *Descamp*'s effect on our state's law.

**Insufficient Evidence**

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (*In re Winship* (1970) 397 U.S. 358, 364.) Each element of a sentencing enhancement must also be proven beyond a reasonable doubt. (*People v. Tenner* (1993) 6 Cal.4th 559, 566.) Where the defendant claims that the evidence was insufficient to sustain a finding that the prosecution has proven all elements of an enhancement, this court reviews the trial court's finding for substantial evidence. (*People v. Rodriguez* (2004) 122 Cal.App.4th 121, 129.) "In making this determination, we review the record in the light most favorable to the trial court's findings." (*Ibid.*)

Section 667, subdivision (a) requires that a five-year sentence be imposed for each prior conviction for "any offense committed in another jurisdiction which includes all of the elements of any serious felony" under California law. "To qualify as a serious felony, a conviction from another jurisdiction must involve conduct that would qualify as a serious felony in California." (*People v. Avery* (2002) 27 Cal.4th 49, 53; see § 1170.12, subd. (b)(2); see also § 667.5, subd. (f).)

Both robbery and attempted robbery are strike offenses under California law. (§§ 1170.12, subd. (b)(1), 1192.7, subds. (c)(19), (c)(39).) However, California and New York define robbery differently. In California, "[r]obbery is the felonious taking of personal property in the possession of another, from his [or her] person or immediate presence, and against his [or her] will, accomplished by means of force or fear." (§ 211.) Thus, robbery is a form of aggravated larceny in which "the elements of larceny are intertwined with the aggravating elements to make up the more serious offense." (*People*

7

*v. Gomez* (2008) 43 Cal.4th 249, 254.) "To elevate larceny to robbery, the taking must be accomplished by force or fear and the property must be taken from the victim or in his [or her] presence." (*Id*. at p. 254, fn. omitted.)

In New York, robbery is defined as "forcible stealing." (N.Y. Pen. Law, § 160.00.) "A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: [¶] 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or [¶] 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny." (*Ibid*.) The practice commentary following this provision points out that, unlike the California robbery statute, there is "no requirement that the defendant take the property 'from the person or in the presence of another,' as was required under the former [New York] Penal Law [§ 2120]. Accordingly, a culprit who meets his [or her] victim a few blocks from the victim's store, knocks the victim unconscious, and then enters the victim's store and steals property from the store may be guilty of robbery; similarly, a culprit who forces a bank president to telephone his bank to direct an employee to take money from the safe and give it to an accomplice may be guilty of robbery." (Prac. Com. foll. N.Y. Pen. Law, § 160.00; see also *People v. Smith* (1992) 79 N.Y.2d 309, 314 ["the Commission determined that the proposed robbery statute was deficient in that it . . . contained a 'from the person or in the presence of' limitation which would exclude a variety of forcible thefts that were 'robberies in spirit'"].)

Due to the differences between the California and New York definitions of robbery, defendant's attempted robbery conviction in New York is a strike in California only if the record shows that defendant specifically intended to take property from the victim or in her presence and took a direct but ineffectual step toward doing so. (See *People v. Medina* (2007) 41 Cal.4th 685, 682 ["[a]n attempted robbery requires a specific intent to commit robbery and a direct, ineffectual act (beyond mere preparation) toward its commission"].) We must presume the prior offense was for the least offense

8

punishable if the record is devoid of evidence regarding the facts of the crime committed. (*People v. Zangari* (2001) 89 Cal.App.4th 1436, 1440.)

**Analysis Under the Scope of Review Permitted by California Law**

"With regard to . . . the nature of the inquiry required (and permitted) in this context under California law . . . we observe that the matter presented is not, as the Court of Appeal appears to have assumed, a determination or finding 'about the [defendant's earlier] conduct itself, such as the intent with which a defendant acted.' Instead, it is a determination regarding the nature or basis of the defendant's *prior conviction*—specifically, whether *that conviction* qualified as a conviction of a serious felony. California law specifies that in making this determination, the inquiry is a limited one and must be based upon the record of the prior criminal proceeding, with a focus on the elements of the offense of which the defendant was convicted. If the enumeration of the elements of the offense does not resolve the issue, an examination of the record of the earlier criminal proceeding is required in order to ascertain whether that record reveals whether the conviction realistically may have been based on conduct that would not constitute a serious felony under California law. (See, e.g., *People v. Woodell* [(1998)] 17 Cal.4th 448, 452-461.) The need for such an inquiry does not contemplate that the court will make an independent determination regarding a disputed issue of fact relating to the defendant's prior conduct (see *id.* at p. 460), but instead that the court simply will examine the record of the prior proceeding to determine whether that record is sufficient to demonstrate that *the conviction* is of the type that subjects the defendant to increased punishment under California law. This is an inquiry that is quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court." (*People v. McGee* (2006) 38 Cal.4th 682, 706 (*McGee*).)

Because the definition of robbery under California and New York law differs, the "the enumeration of the elements of the offense does not resolve the issue," so the pertinent inquiry requires this court to "examine the record of the prior proceeding to

9

determine whether that record is sufficient to demonstrate that *the conviction* is of the type that subjects the defendant to increased punishment under California law." (*McGee*, *supra*, 38 Cal.4th at p. 706.)  As our Supreme Court has held, this inquiry is narrowly limited "only to those record documents reliably reflecting the facts of the offense for which the defendant was convicted." (*People v. Trujillo* (2006) 40 Cal.4th 165, 177 (*Trujillo*), internal quotations omitted, quoting *People v. Reed* (1996) 13 Cal.4th 217, 223 (*Reed*).)  *Reed* held that the reporter's transcript of a preliminary hearing is a part of the record which could be used to demonstrate the basis for a conviction, but only "because the procedural protections afforded the defendant during a preliminary hearing tend to ensure the reliability of such evidence.  Those protections include the right to confront and cross-examine witnesses and the requirement those witnesses testify under oath, coupled with the accuracy afforded by the court reporter's verbatim reporting of the proceedings.  [Citation.]" (*Trujillo, supra,* at p. 177.)  *Trujillo* held that a defendant's statement in a postconviction probation report was not reliably reflecting the facts of the defendant's offense.  (*Id.* at p. 179.)

The only indication of a potential factual basis for defendant's 1999 New York conviction of third degree attempted robbery is found in Jaworski's statement that "defendant did point a silver revolver at deponent and did state in sum and substance WE'RE GONNA' DO THIS MY WAY and that when deponent did tell defendant that a police officer was nearby, defendant did grab deponent's purse and did attempt to take it from her."  It appears that this statement was the basis for reference of the case to the grand jury, which ultimately indicted defendant for a variety of offenses including attempted first degree robbery.  We hold this statement is insufficient under California law to demonstrate the basis for defendant's New York conviction under the circumstances of this case.

Jaworski's statement lacks important attributes of a preliminary hearing transcript.  Although her statement appears to have been made under the penalty of perjury, it was not the product of confrontation or cross examination, nor was it contained in a court reporter's verbatim reporting of the statement.  (See *Trujillo*, *supra*, 40 Cal.4th at p. 177.)

10

We have serious doubt that Jaworski was the only source for the statement, as it contains language one would not expect a crime victim to use in reporting an offense, such as referring to herself as "deponent."

Fatal to the findings of the trial court is the absence of competent evidence demonstrating what conduct served as the basis for defendant's New York conviction. While he was charged with first degree attempted robbery, defendant pled not guilty to that charge, and the case was resolved by guilty plea to third degree attempted robbery, which is a different offense. New York authorities were unable to locate either a grand jury transcript or a transcript of defendant's guilty plea. Without the plea colloquy, there is no way to determine if defendant's New York conviction was resolved on the basis of conduct that would constitute a serious felony and a prior conviction under the three strikes law under California law. All that remains to evaluate are the elements of the crime to which defendant pled guilty. Those elements do not demonstrate that defendant's prior conviction is a serious felony or strike within the meaning of section 667, subdivision (a) and the three strikes law. Finally, contrary to the Attorney General's assertions, defendant's guilty plea to third degree criminal possession of a loaded firearm (N.Y. Pen. Law, § 265.02, subd. (4)) is not an implied admission that he attempted to take property from another person's possession and immediate presence. Possession of a weapon does not require use or close proximity to the victim. (N.Y. Pen. Law, § 265.02, subd. (4), enacted by L. 1998, c. 378, § 3, eff. Nov. 1, 1998.)

***Marsden Motion***

Defendant also contends that the sentencing court violated his constitutional rights by failing to hold a hearing pursuant to *Marsden*, *supra*, 2 Cal.3d 118, improperly conducting a later-requested *Marsden* hearing, and denying his request for substitute counsel. His contentions lack merit.

Defendant addressed the court at retrial on September 26, 2013:

11

"Defendant: Yeah. I haven't spoke to my attorney at all till this week. You know, he's letting me know that he has a written response. We haven't been able to talk at all what the arguments were that we were having before because he's never come to see me until a couple weeks -- a couple days ago.

"He's not prepared for this, your honor. He has no defense. He has no information. On top of that, the paperwork that was subpoenaed from New York, we didn't even get that until now. So when I got the copy that he gave me, it was noted that it's 15 pages from New York. I only had 12. He said, that's what the D.A. gave me.

"He is totally unprepared. And this is -- I mean, this is, you know, I mean, this is a violation of my due process because he has no idea what's going on.

"The Court: I would indicate that, number one, we already tried this priors trial once. It was tried on the New York state priors before. No surprise. We have one set of new documents that [the prosecution] tendered to the court last time that were produced and given to the defense.

"[The prosecution]: That was the date that Mr. Keeland stood in for me, which was August 15th.

"The Court: All right. So those documents were provided to the defense almost a month and a half ago.

"And I'm not -- I would note that last time we were here [on September 12, 2013], there was some significant breaks we took to allow [defense counsel] and [defendant] to speak. He spoke with him here in court as well as in lock-up and I took a break to enable that conversation to occur."

At resentencing, defendant moved to represent himself. The trial court noted that defense counsel represented defendant for approximately two years, through a jury trial, appeal, and the retrial of the prior allegations, and denied the request as untimely.

Defendant stated that his attorney failed to conduct a pretrial investigation. The trial court responded: "That's not what we're here to talk about. You brought your *Faretta* [*v. California* (1975) 422 U.S. 806] motion. I have denied it as untimely. We're

not going to address that . . . .  [¶]  [¶]  If you want to make a statement to me about why I should reduce the sentence that I gave you last time . . . you're welcome to do that."

Defendant then asserted that "that complaint was false."  The trial court reiterated that the hearing was for resentencing only, and that defendant could make a statement regarding his sentence.  Defendant responded:  "This man has not represented me . . . . [¶]  I've continually tried to --  [¶]  -- tell you, talk to the court, and you stopped me from talking to you and said 'speak to your lawyer.'  [¶]  Now, I haven't been able to do that because he's not doing his job.  [¶]  [¶]  [¶]  -- and I asked to go pro per."  The court responded that it appeared defendant was bringing a *Marsden* motion.  The court confirmed that defendant wanted new counsel, and promptly held a *Marsden* hearing.

At the *Marsden* hearing, defendant complained that counsel did not do any pretrial investigation or meet with him as promised, waived time repeatedly because he had no information on the case, and refused to file a new trial motion.  The sentencing court questioned defense counsel as to how long he had been an attorney, how many cases he had tried, how long he had represented defendant, how many times he met with defendant, and whether he had all of the documents in the case.  Defense counsel confirmed that he had been practicing for 20 years, tried over 250 cases, represented defendant for two years, and had received all the documentation relevant to the case a month or two prior to retrial.  The sentencing court noted that there had been a request for a continuance so that defense counsel could obtain the New York police report, but that the request had been denied because it could not be considered as part of the record of conviction.  Defense counsel addressed the court.  He stated that he had told defendant that he pled guilty to a grand jury indictment in the prior case and could not argue that he did not rob the victim.  He explained to defendant that what the police report contained was inadmissible, and that there was not much they could do.  The court denied the *Marsden* motion.

"[C]riminal defendants are entitled under the Constitution to the assistance of court-appointed counsel if they are unable to employ private counsel."  (*Marsden*, *supra*, 2 Cal.3d at p. 123, citing *Gideon v. Wainwright* (1963) 372 U.S. 335.)  "When a

13

defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance." (*People v. Crandell* (1988) 46 Cal.3d 833, 854, overruled on other grounds in *People v. Craytor* (2002) 28 Cal.4th 346, 364-365; see *Marsden*, *supra*, at p. 123.) "'[A] trial court's duty to permit a defendant to state his reasons for dissatisfaction with his attorney arises when the defendant in some manner moves to discharge his current counsel.' [Citation.] [Such a request does] 'not necessarily require a proper and formal legal motion, but at least some clear indication by defendant that he wants a substitute attorney.' [Citation.]" (*People v. Sanchez* (2011) 53 Cal.4th 80, 87-88 (*Sanchez*), italics omitted.) "'[T]he decision whether to permit a defendant to discharge his appointed counsel and substitute another attorney during the trial is within the discretion of the trial court,' . . . 'a defendant has no absolute right to more than one appointed attorney,' and . . . a trial court is not bound to accede to a request for substitute counsel unless the defendant makes a "'sufficient showing . . . that the right to the assistance of counsel would be substantially impaired'"" if the original attorney continued to represent the defendant. (*Marsden*, [*supra,*] at p. 123.)" (*Sanchez, supra,* at p. 87.)

Defendant's first statements to the court on September 26, 2013, did not clearly indicate a desire for new counsel. Defendant complained that defense counsel did not have all the relevant documents and that they had not communicated until a few days before the retrial. The court pointed out that both statements were inaccurate. Defense counsel possessed all the relevant documents, and defense counsel had a lengthy meeting with defendant prior to the September 12, 2013 hearing, and a second conference during the hearing when the court paused proceedings for them to speak again. Defendant's statements indicate that defendant wanted to ascertain whether counsel had all the documents, and have an opportunity to speak with his attorney. The court responded appropriately, by confirming that defense counsel had all the documents, and pointing out to defendant that he had, in fact, opportunities to meet with counsel more than a week prior to the hearing. Defendant made no further complaints that day.

14

On November 4, 2013, defendant moved to represent himself, and began to complain about his attorney's performance when the motion was denied as untimely. The court interpreted his statements as a request for a *Marsden* hearing, and immediately held one. Defendant was given the opportunity to fully express his concerns. He complained of counsel's failure to conduct pretrial investigation, failure to meet with him, repeated waiver of time, and refusal to file a new trial motion. The court questioned defense counsel thoroughly regarding these issues, confirming that he fully investigated the case, had all of the relevant documents, met with defendant on several occasions, requested a continuance appropriately, and made a reasonable tactical decision with respect to the refusal to file a motion for new trial. Under these circumstances, we cannot conclude that the court abused its discretion in conducting the hearing or denying defendant's request for new counsel.

## DISPOSITION

The findings that defendant had been previously convicted of a serious felony and a strike under the three strikes laws are reversed.  The cause is remanded for limited retrial concerning the prior conviction allegations.  If the prosecution cannot proceed in a new trial on the prior conviction allegations, the court shall resentence defendant based upon all remaining charges and allegations.  In all other respects, the judgment is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.

GOODMAN, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.