Matter of Pantaleo v O'Neill (2021 NY Slip Op 01857)





Matter of Pantaleo v O'Neill


2021 NY Slip Op 01857


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 101662/19 Appeal No. 13347 Case No. 2020-02629 

[*1]In the Matter of Daniel Pantaleo, Petitioner,
v
James P. O'Neill, etc., et al., Respondents.


Worth, Longworth & London, LLP, New York (Kyle R. Silverstein of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Determination of respondent NYPD, dated August 19, 2019, which, after a hearing, sustained charges that petitioner committed acts that, if proven in court, would constitute assault in the third degree, and imposed the penalty of dismissal from the police force and forfeiture of retirement benefits, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [John J. Kelley, J.], entered February 6, 2020) dismissed, without costs.
On July 17, 2014, petitioner was one of several officers involved in the arrest of Eric Garner for allegedly selling loose, untaxed cigarettes. During the course of the arrest petitioner placed Garner in a chokehold. This means of restraint, which is prohibited by the NYPD's Patrol Guide, contributed to Garner's death.
In December 2014, a Richmond County grand jury declined to indict petitioner. The U.S. Department of Justice also conducted an investigation into Garner's death. In a statement released July 16, 2019, the U.S. Attorney for the Eastern District of New York declined to bring federal civil rights charges against petitioner, finding that there was insufficient evidence that petitioner acted in willful violation of federal law.
On July 18, 2018, the Civilian Complaint Review Board (CCRB) brought two charges and specifications against petitioner. 
Petitioner's motion to dismiss the CCRB's charges, based on the statute of limitations, was denied in 2019. However, since the charges were brought more than 18 months after the incident, the presiding hearing officer, the NYPD's Deputy Commissioner - Trials, ruled that the CCRB was required to show by a preponderance of the credible evidence that the underlying facts, if proven in court, would constitute a crime.
Petitioner's disciplinary trial was held over seven days in May and June 2019. On August 15, 2019, the Deputy Commissioner issued a 45-page Report and Recommendation finding by a preponderance of the credible evidence that petitioner was guilty of assault in the third degree, as charged in the first specification. The Deputy Commissioner found that petitioner acted recklessly and that his recklessness "was a significant factor in triggering the asthma attack which contributed to Mr. Garner's death."
The Report and Recommendation recommended petitioner's dismissal from the NYPD. The Deputy Commissioner transmitted the Report and Recommendation to the Police Commissioner, along with a summary of petitioner's performance history. Petitioner submitted a letter to the Police Commissioner contesting the findings contained in the Report and Recommendation.
The Commissioner approved the Report and Recommendation and disposition of charges, and issued a final order dismissing petitioner from the NYPD.
Petitioner thereupon brought this article 78 proceeding to annul the determination and direct his reinstatement. He argued that the CCRB [*2]failed to present substantial evidence of his guilt and that the penalty of dismissal was shocking to the conscience. The proceeding was transferred to this Court for substantial evidence review.
Substantial evidence supports respondents' conclusion that petitioner recklessly caused injury to Eric Garner by maintaining a prohibited chokehold for 9 to 10 seconds after exigent circumstances were no longer present, thereby disregarding the risk of injury (Penal Law §§ 15.05[3]; 120.00[2]; see McCummings v New York City Tr. Auth., 81 NY2d 923, 927 [1993], cert denied 510 US 991 [1993]; People v Smith, 79 NY2d 309, 315 [1992]; People v Adolph, 299 AD2d 257, 257 [1st Dept 2002]; see also CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]).
We do not find the penalty "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; see e.g. Matter of Arroyo v O'Neill, 35 NY3d 1030, 1031 [2020], revg 175 AD3d 1150 [1st Dept 2019]; Matter of Alfieri v Murphy, 38 NY2d 976 [1976]). Conduct far less serious than petitioner's has been found by the Court of Appeals to have a "destructive impact . . . on the confidence which it is so important for the public to have in its police officers" (see e.g. Matter of Alfieri, 38 NY2d at 977).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021