People v Outing (2022 NY Slip Op 01928)





People v Outing


2022 NY Slip Op 01928


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


260 KA 18-00925

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAYQUAWN OUTING, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered February 20, 2018. The judgment convicted defendant upon a nonjury verdict of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of robbery in the second degree (Penal Law
§ 160.10 [1]). Defendant's conviction stems from an assault committed by defendant and the codefendant, after which defendant took the victim's cell phone, which the victim had dropped during the assault. Defendant contends that the evidence is legally insufficient to establish that he used physical force with the intent of taking the victim's property. Contrary to the People's contention, defendant's contention is preserved for our review inasmuch as, in denying defendant's motion for a trial order of dismissal, County Court "expressly decided the question raised on appeal" (CPL 470.05 [2]; see People v Jones, 100 AD3d 1362, 1363 [4th Dept 2012], lv denied 21 NY3d 1005 [2013], cert denied 571 US 1077 [2013]). We nevertheless reject defendant's contention.
"The applicable culpability standard—intent—require[s] evidence that, in using or threatening physical force, defendant's 'conscious objective' was either to compel his victim to deliver up property or to prevent or overcome resistance to the taking" (People v Smith, 79 NY2d 309, 315 [1992]; see Penal Law § 160.00 [1], [2]). "Intent may be established by the defendant's conduct and the circumstances" (People v Gordon, 23 NY3d 643, 650 [2014]). Here, the evidence established that defendant and the codefendant sideswiped the victim's parked vehicle while they were driving past the victim's house. The victim contacted the police. Defendant and the codefendant left the scene, but returned a little later, before the police had arrived. The victim told them that he had contacted the police and took out his cell phone to document the license plate of their vehicle. Defendant punched the victim, who fell to the ground, and defendant and the codefendant continued punching and kicking him while he was on the ground. The victim tried to grab his cell phone, which had fallen on the ground, but defendant picked it up and left, taking the cell phone. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that
" 'there is a valid line of reasoning and permissible inferences' " from which a rational factfinder could have found that the People proved, beyond a reasonable doubt, that defendant used physical force with intent to take the victim's cell phone (People v Danielson, 9 NY3d 342, 349 [2007]; see generally Smith, 79 NY2d at 315) and that the taking was not a mere afterthought to the assault (cf. Matter of Robert C., 67 AD3d 790, 792 [2d Dept 2009]; Matter of Niazia F., 40 AD3d 292, 293 [1st Dept 2007]).
Viewing the evidence in light of the elements of the crime in this nonjury trial (see [*2]Danielson, 9 NY3d at 349), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court